THE HONORABLE JOHN C. COUGHENOUR

1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9

| | |
|---|---|
| BEHR PROCESS CORP., | )  NO. C01-0467C |
| Plaintiff, | ) |
| | )  **PLAINTIFF BEHR'S MOTION TO** |
| vs. | )  **COMPEL PRODUCTION OF** |
| | )  **PRIVILEGE LOGS BY AISLIC AND** |
| BULLIVANT HOUSER BAILEY, P.C.; | )  **ZURICH** |
| JOHNSON CHRISTIE ANDREWS & | ) |
| SKINNER, P.S.; RICHARD L. MARTENS | )  NOTED ON MOTION CALENDAR: |
| AND JANE DOE MARTENS and the marital | )  FEBRUARY 13, 2004 |
| community thereof; and E. PENNOCK | )  WITHOUT ORAL ARGUMENT |
| GHEEN and JANE DOE GHEEN and the | ) |
| martial community thereof, | ) |
| | ) |
| Defendants. | ) |

10

11

12

13

14

15

16

17

## I.    INTRODUCTION

18

19    Plaintiff Behr Process Corp. ("Behr") has tried for over five months to obtain privilege

20    logs for subpoenaed documents that Behr's insurers, American International Specialty Lines

21    Insurance Company ("AISLIC") and Zurich Insurance Company ("Zurich"), are withholding or

22    have redacted. Behr's efforts have been unsuccessful. Therefore, Behr respectfully requests that

23    the Court compel AISLIC and Zurich to provide privilege logs sufficient to enable Behr to

24    determine whether AISLIC and Zurich's withholding of, and redactions to, the subpoenaed

25    documents are permissible.

DORSEY & WHITNEY LLP
U.S. BANK BUILDING CENTER
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

## II.    FACTS

### A.    Factual Background

This lawsuit involves legal malpractice and other claims brought by Behr against its attorneys in Smith et al. v. Behr Process Corp., Washington Superior Court, Grays Harbor County, Cause No. 98-2-00635-4 (the "Smith lawsuit"), a class action. In that case, a default judgment was entered against Behr on liability based on alleged discovery abuses. Subsequently, based in part on the default judgment, an adverse jury verdict awarding damages to the representative class members and an order awarding treble damages and attorneys' fees was entered against Behr. This judgment was affirmed on appeal, Smith v. Behr Process Corp., 54 P.3d 665 (Wash. App. 2002). The Smith lawsuit was then settled for an amount up to $67.5 million, with Behr's insurers' input (including AISLIC and Zurich), while Behr's Petition for Review to the Washington Supreme Court was pending.

In the months following entry of default judgment by the Smith trial court, Behr also was sued in several national and state-wide putative class actions related to, and precipitated by, the result in Smith. Those cases were also eventually settled as a nationwide class action with input from Behr's insurers, including AISLIC and Zurich. In the present lawsuit, Behr alleges, inter alia, that Defendants, who were appointed to defend Behr in the Smith lawsuit by Behr's insurers including AISLIC and Zurich, failed to adequately advise Behr in discovery matters, concealed from Behr their conflicts of interest arising out of their understandings with Behr's insurers, and otherwise provided Behr with a grossly inadequate defense.

### B.    Behr Subpoenas AISLIC And Zurich's Documents And The Insurers Respond By Producing No Documents Or Privilege Log

On July 8, 2003, more than six months ago, Behr served AISLIC and Zurich each with a subpoena commanding production of documents for inspection and copying. See Declaration of Brian W. Grimm in Support of Plaintiff's Motion to Compel ("Grimm Declaration"), filed concurrently, at 5 (Plaintiff's Subpoena In A Civil Case To AISLIC) and 10 (Plaintiff's

PLAINTIFF'S MOTION TO COMPEL - 2
NO. C01-0467C

DORSEY & WHITNEY LLP
U.S. BANK BUILDING CENTER
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

1   Subpoena In A Civil Case To Zurich). AISLIC and Zurich's production of documents were due

2   on July 21, 2003. See Grimm Declaration at 5 (Plaintiff's July 8, 2003 Subpoena In A Civil

3   Case to AISLIC) and 10 (Plaintiff's July 8, 2003 Subpoena In A Civil Case To Zurich). The

4   subpoenas each have three document requests. Document Request Number 2 (hereinafter

5   "Request No. 2"), the subject of this Motion, required AISLIC and Zurich to:

6       Produce each and every document within your possession, custody, or control,
        which relates to your relationship with any of the law firms or attorneys retained
7       by you to represent Behr Process Corporation in <u>Truax v. Behr</u> and/or <u>Smith v.</u>
        <u>Behr</u>, namely, Bullivant Houser Bailey, P.C., Johnson Christie Andrews &
8       Skinner, P.S., Richard L. Martens, and E. Pennock Gheen.

9   <u>See</u> Grimm Declaration at 5 (Plaintiff's July 8, 2003 Subpoena In A Civil Case to AISLIC) and

10  10 (Plaintiff's July 8, 2003 Subpoena In A Civil Case To Zurich).

11          On or about July 21, Behr was served with AISLIC and Zurich's objections to the

12  subpoenas. <u>See</u> Grimm Declaration at 15 (Objection To Subpoena Of American International

13  Specialty Lines Insurance Company, Fed. R. Civ. Pro. 45(c)(2)(B)) and 23 (Objection To

14  Subpoena Of Zurich Insurance Company, Fed. R. Civ. Pro. 45(c)(2)(B)). Neither AISLIC nor

15  Zurich produced documents at that time, nor did either of them produce privilege logs

16  identifying documents being withheld.

17          **C.     Behr, AISLIC, and Zurich Conduct A Rule 37 Conference**

18          On August 12, Behr's counsel wrote to AISLIC and Zurich's counsel scheduling a Rule

19  37 conference for August 27, to discuss the objections. <u>See</u> Grimm Declaration at 34 (Schwab's

20  Aug. 12 Ltr.). Behr's counsel urged Zurich and AISLIC to produce documents not covered by

21  valid objections and to provide a log of documents being withheld. <u>Id</u>.

22          On August 14, Zurich's counsel agreed to the August 27 conference, but refused to

23  consider production of documents without a protective order, and refused to produce a privilege

24  log before the August 27 conference. <u>See</u> Grimm Declaration at 36 (King's Aug. 14. Ltr.).

25  Behr's counsel responded by urging Zurich again to log documents being withheld based on

PLAINTIFF'S MOTION TO COMPEL - 3
NO. C01-0467C

DORSEY & WHITNEY LLP
U.S. BANK BUILDING CENTER
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

1   privilege and to assemble and produce Zurich's <u>Traux v. Behr</u> and <u>Smith v. Behr</u> claim files. <u>See</u>

2   Grimm Declaration at 38 (Schwab's Aug. 18 Ltr.) ("The subpoena was quite specific. You know

3   that you are required to log whatever is withheld on the basis of privilege."). On August 18,

4   AISLIC's counsel agreed to the August 27 conference, but refused to consider production of

5   documents without a protective order, and rejected Behr's request for a privilege log. <u>See</u>

6   Grimm Declaration at 39 (Handler's Aug. 18 Ltr.) ("Your request for privilege log is

7   inappropriate in light of the detailed information contained in the AISLIC Objection to Subpoena

8   document . . . .").

9       On August 27, counsel for Behr, AISLIC, and Zurich held a Rule 37 conference

10  regarding the three document requests in the subpoenas, objections to the document requests, and

11  a protective order. On August 28, Behr's counsel wrote AISLIC and Zurich's counsel to confirm

12  their understanding regarding each of the three document requests. <u>See</u> Grimm Declaration at 41

13  (Schwab's Aug. 28 Ltr.). Under Request No. 2, Behr's counsel indicated that while Behr did not

14  expect AISLIC and Zurich to produce documents protected by the attorney-client privilege or

15  work product doctrine that belong to other clients of the defendant attorneys, Behr did expect

16  AISLIC and Zurich to produce documents that relate to the business relationship between the

17  insurers and defendant law firms. <u>See</u> <u>id</u>. Behr's counsel also indicated that a protective order

18  was being drafted to cover these documents. Based on Behr's understanding, AISLIC's counsel

19  agreed to produce documents two weeks after the conference, subject to a protective order, and

20  Zurich agreed to produce documents within two weeks following the protective order. <u>Id</u>.

21      On August 28, AISLIC's counsel wrote to confirm their understanding of the three

22  document requests. <u>See</u> Grimm Declaration at 43 (Jones' Aug. 28 Ltr.). As to Request No. 2,

23  AISLIC's counsel indicated that he would contact Behr's counsel in one week regarding what

24  categories of documents he would recommend that AISLIC produce.

25      On September 2, Zurich's counsel agreed to discuss with his client the documents

PLAINTIFF'S MOTION TO COMPEL - 4
NO. C01-0467C

DORSEY & WHITNEY LLP
U.S. BANK BUILDING CENTER
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

1   pertaining to Request No. 2, and stated a reasonable and appropriate effort would be made to
2   produce documents his client agreed to produce within two weeks of entry of a protective order.
3   <u>See</u> Grimm Declaration at 46 (King's Sept. 2 Ltr.).  On September 5, AISLIC's counsel agreed
4   to produce, under Request No. 2, letters of understanding regarding fee agreements between
5   defendants and AISLIC, litigation guidelines sent by AISLIC to defendants applying to cases
6   such as <u>Smith</u> and <u>Truax</u>, and materials sent by defendants to AISLIC regarding appointments to
7   the casualty defense panel.  <u>See</u> Grimm Declaration at 47 (Jones' Sept. 5 Ltr.).

8           **D.      AISLIC and Zurich Produce Documents But No Privilege Logs**
                     **For Withheld or Redacted Material**

9   Zurich and AISLIC subsequently produced some documents, on or about October 28 and
10  November 6, respectively.  However, neither Zurich nor AISLIC provided Behr with a privilege
11  log or other writing to enable Behr to contest the insurers' withholding of, or redactions to,
12  responsive documents.
13

14          **E.      Behr Requests a Privilege Log For A Second Time But AISLIC's**
                     **Counsel Asserts That It Has No Duty To Provide A Log**

15  On December 5, Behr's counsel e-mailed AISLIC and Zurich's counsel requesting a
16  privilege log, stating, "Please advise when we can expect a privilege log for whatever you
17  withheld from the material produced in response to the subpoenas from Behr."  <u>See</u> Grimm
18  Declaration at 49 (Schwab's Dec. 5 E-mail).

19  In response to Behr's request for a privilege log, on December 30, AISLIC's counsel
20  refused to produce a log asserting, "What you have asked for is not a duty imposed on AISLIC
21  by Rule 45(d) of the Federal Rules of Civil Procedure.  My client is in compliance with any and
22  all of its duties pursuant to Rule 45(d)."  <u>See</u> Grimm Declaration at 50 (Handler's Dec. 30 Ltr.).
23  AISLIC's counsel also claimed Behr's request for a privilege log was "unduly burdensome, or
24  otherwise improperly fails to correspond to the issues in [this case]."  <u>Id</u>.

25  On January 5, AISLIC's counsel proposed to supply a "supplemental 'log' of the bases

**DORSEY & WHITNEY LLP**
U.S. BANK BUILDING CENTER
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

1   for redaction on each one of the documents AISLIC produced with portions redacted." AISLIC

2   did not, however, propose to supply a privilege log for withheld documents or redactions. See

3   Grimm Declaration at 52 (Handler's Jan. 5 Ltr.). Zurich never responded to Behr's December

4   5th request for a privilege log. See Grimm Declaration at 54 (Schwab's Jan. 7 Ltr.).

5        **F.    Behr Requests A Privilege Log For A Third Time**

6        On January 7, Behr's counsel wrote to AISLIC and Zurich's counsel:

> On behalf of Behr, we reiterate our request that you comply with Rule 45(d)(2) for *everything* subject to the subpoena for which you have withheld on a claim that it is privileged or not subject to protection as trial preparation material. Mike Handler's proposal yesterday to log the few items redacted from the AISLIC production is insufficient and rejected. Without your clients' full compliance with Rule 45(d)(2), it is impossible for Behr to determine whether and to what extent your clients have complied with the subpoena, what has been withheld, on what basis and whether to contest your claims of privilege. Just as your clients are entitled to assert privileges, Behr is entitled to contest their claims, which really cannot be done effectively unless your clients comply with Rule 45(d)(2).

13   See Grimm Declaration at 55 (Schwab's Jan. 7 Ltr.) (emphasis in original). In response,

14   Zurich's counsel agreed to provide a "supplemental log" identifying the basis for any redaction

15   only for documents Zurich produced, but refused Behr's request for a privilege log of all

16   withheld materials finding Behr's "unqualified request for a privilege log with respect to all

17   matters withheld from production to be unconscionable." See Grimm Declaration at 56 (King's

18   Jan. 7 Ltr.).

19        **G.    Behr, AISLIC, and Zurich's Counsel Conduct A Second Rule 37 Conference, Specifically Regarding Behr's Repeated Privilege Log Requests**

21        On January 9, Behr's counsel wrote to AISLIC and Zurich's counsel again requesting a

22   privilege log for withheld material and inquiring whether AISLIC and Zurich's counsel would

23   like to hold a Rule 37 conference on the subject. See Grimm Declaration at 58 (Schwab's Jan. 9

24   Ltr.). AISLIC's counsel responded by agreeing to a Rule 37 Conference. See Grimm

25

DORSEY & WHITNEY LLP
U.S. BANK BUILDING CENTER
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

1  Declaration at 59 (Jones' Jan. 13 Ltr.).  On January 13, Behr's counsel outlined a proposal for

2  compromise in advance of the Rule 37 conference: 1) the time period covered by the privilege

3  log would commence with the filing of Smith and end with the Bullivant firm's withdrawal on

4  April 10, 2001; 2) Behr would agree for present purposes to allow AISLIC and Zurich to lump

5  coverage-related documents responsive to Request No. 1 under one category on a privilege log,

6  stating they have been withheld, without reference to dates or particulars; and 3) log everything

7  else that had not been produced as required by Rule 45(d)(2).  See Grimm Declaration at 61

8  (Schwab's Jan. 13 Ltr.).

9

10        On January 15, counsel for Behr, AISLIC, and Zurich conducted a Rule 37 Conference

11 regarding production of a privilege log.  After the conference, Behr's counsel wrote to AISLIC

12 and Zurich's counsel confirming the substance of the conference.  See Grimm Declaration at 63

13 (Schwab's Jan. 20 Ltr.).  As a result of the conference, AISLIC and Zurich agreed to provide a

14 privilege log for documents under Request No. 1 by February 6, 2004, lumping coverage related

15 documents under one category stating they have been withheld.  AISLIC and Zurich also

16 confirmed that under Request No. 3 all litigation guidelines had been produced.  Id.

17

18        Behr, AISLIC and Zurich reached impasse, however, under Request No. 2.  Id.  Behr

19 requested that AISLIC and Zurich log all documents withheld, and the insurers refused.  Even

20 after the January 15th Rule 37 Conference, AISLIC and Zurich have continued to refuse to

21 provide privilege logs.  See Grimm Declaration at 65 (Jones' Jan. 21 Ltr.); 69 (King's Jan. 22

22 Ltr.); 71 (Schwab's Jan. 22 Ltr.).

23

24

25

DORSEY & WHITNEY LLP
U.S. BANK BUILDING CENTER
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

1

2                     **III.  ARGUMENT**

3 **A.  AISLIC and Zurich Must Produce A Description of Materials Withheld Under Document Request No. 2 Because Behr Is**

4 **Entitled To Information Sufficient To Contest The Basis For Privilege Claims**

5

6       The party asserting a claim of privilege has the burden of making a prima facie showing

7 that the privilege applies to a given set of documents or communications.  See In re: Grand Jury

8 Investigation United States of America v. The Corporation, 974 F.2d 1068, 1071 (9th Cir. 1992)

9 ("In essence, the party asserting the privilege must make a *prima facie* showing that the privilege

10 protects the information the party intends to withhold.").  Federal Rule of Civil Procedure 45(d)

11 mandates the duty on the withholding party to make this showing in the subpoena context:

12        When information subject to a subpoena is withheld on a claim that it is

13        privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the

14        documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

15 Fed. R. Civ. Pro. 45(d)(2); In re Grand Jury Subpoena, 274 F.3d 563, 575 (1st Cir. 2001) ("The

16 operative language is mandatory . . . .").  Although Rule 45(d)(2) does not articulate what

17

18 description is "sufficient to enable the demanding party to contest the claim," federal courts have

19 consistently held that Rule 45(d)(2) requires the party withholding material to produce a

20 document index or privilege log.  See In re Grand Jury Subpoena, 274 F.3d at 575 ("[C]ourts

21 consistently have held that the rule requires a party resisting disclosure to produce a document

22 index or privilege log."); Avery Dennison Corp v. Four Pillars, 190 F.R.D. 1, 1 (D.D.C. 1999)

23 (describing privilege logs as "the universally accepted means of asserting privileges in discovery

24 in the federal courts").

25

**DORSEY & WHITNEY LLP**
U.S. BANK BUILDING CENTER
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

A claim of attorney-client privilege in the Ninth Circuit must demonstrate the communication meets eight required elements:

> (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived.

Fischel v. Margolis, 557 F.2d 209, 211 (9th Cir. 1977); see In re: Grand Jury Investigation, 974 F.2d at 1070 (holding that to meet the burden showing privilege applies, "a party must demonstrate that its documents adhere to the essential elements of the attorney-client privilege adopted by this court" (citing Fischel, 557 F.2d at 496)). In this Circuit, the withholding party has a number of means of establishing the eight elements, including producing a privilege log or providing the Court with documents for in camera review. Dole v. Milonas, 889 F.2d 885, 890 (9th Cir. 1989). Under the Dole-standard, privilege logs are sufficient to assert a claim of privilege if the withholding party identifies:

> (a) the attorney and client involved, (b) the nature of the document, (c) all persons or entities shown on the document to have received or sent the document, (d) all persons or entities known to have been furnished the document or informed of its substance, and (e) the date the document was generated, prepared, or dated.

In re: Grand Jury Investigation, 974 F.2d at 1071.

In this case, AISLIC and Zurich have failed to provide Behr a log or index necessary to show the withheld documents or redactions meet the required elements of privilege, yet, they continue to claim their Objections satisfy their duty under Rule 45(d). See Grimm Declaration at 50 (Handler's Dec. 30 Ltr.) ("My client is in compliance with any and all of its duties pursuant to Rule 45(d)."); 56 (King's Jan. 7 Ltr.) ("We remind you that Zurich filed its responses, including objections, pursuant to Federal Rule of Civil Procedure 45."). The Objections, however, only

PLAINTIFF'S MOTION TO COMPEL - 9
NO. C01-0467C

DORSEY & WHITNEY LLP
U.S. BANK BUILDING CENTER
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

1  assert privilege in boiler-plate fashion. <u>See</u> Grimm Declaration at 15 (Objection to Subpoena of

2  AISLIC); 23 (Objection to Subpoena of Zurich). The Objections do not provide the document-

3  by-document detailed information required by <u>Fischel</u> and <u>Dole.</u> Accordingly, the Court should

4  compel AISLIC and Zurich to provide a log that allows Behr to evaluate claims of privilege.

**B.    Behr's Request No. 2 Is Reasonable Because It Seeks Relevant Information, Is Limited In Temporal Scope, And Seeks Specific Categories Of Documents, Therefore AISLIC And Zurich's Claim That The Request Is Unduly Burdensome Must Fail**

8  The reasonableness of a subpoena is determined by the facts of a case. <u>See Northrup v.</u>

9  <u>McDonnell Douglas Corp.</u>, 751 F.2d 395, 403 (D.C.Cir. 1985) ("'What constitutes

10  unreasonableness or oppression is, of course, a matter to be decided in the light of all the

11  circumstances of the case.'") (citing <u>Moore's Federal Practice</u>). In evaluating the reasonableness

12  of a subpoena, courts look to factors such as: "[1] relevance, [2] the need of the party for the

13  documents, [3] the breadth of the document request, [4] the time period covered by it, [5] the

14  particularity with which the documents are described and [6] the burden imposed." <u>United</u>

15  <u>States v. International Business Machines Corp.</u>, 83 F.R.D. 97, 104 (S.D.N.Y. 1979) (hereinafter

16  "<u>IBM</u>") (distilling these factors from numerous grand jury, administrative, and civil litigation

17  cases). In the case at bar, Behr's subpoena is reasonable.

18  Request No. 2 seeks relevant information that is necessary to Behr's prosecution of its

19  claims. Information sought in discovery is relevant if it "appears reasonably calculated to lead to

20  the discovery of admissible evidence." Fed. R. Civ. Pro. 26(b)(1). Request No. 2, pertaining to

21  the business relationship between Behr's insurers—AISLIC and Zurich—and the defendants, is

22  relevant to Behr's cause of action against the defendant attorneys for Consumer Protection Act

23  violations. Behr's claims against defendant attorneys are based, in part, on the fact that the

24  defendant attorneys' first allegiance was to the Insurers, not to Behr; that the Insurer's billing

25  guidelines limited the quality of Behr's defense by the defendants; and that the defendants

PLAINTIFF'S MOTION TO COMPEL - 10
NO. C01-0467C

DORSEY & WHITNEY LLP
U.S. BANK BUILDING CENTER
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

1  provided the Insurers with Behr's attorney-client privileged information without seeking Behr's

2  consent. Materials relating to the business relationship between the defendants and AISLIC and

3  Zurich goes to the heart of the Consumer Protection Act claim. Therefore Request No. 2 is

4  relevant, reasonable, and necessary of Behr's prosecution of its claims.

5          Behr's Request No. 2, for documents relating to the business relationship between the

6  defendants and AISLIC and Zurich, also is narrow in breadth and with respect to the time period

7  covered. In particular, Behr is seeking documents only for the three-year period between the

8  filing of <u>Smith</u> in Washington Superior Court in 1998 and the withdrawal of Bullivant Houser

9  Bailey, P.C. on April 10, 2001. <u>See</u> Grimm Declaration at 63 (Schwab's Jan. 20 Ltr.). AISLIC

10  and Zurich have attempted to characterize Behr's request as unlimited. <u>See</u> Grimm Declaration

11  at 23 (Objection to Subpoena of Zurich) ("[I]t is not limited to any specific time period . . . .").

12  But, as Behr's letter of January 20 clarifies, Behr is only seeking a limited group of documents

13  considering the long history behind this case.

14          Finally, Request No. 2 is not unduly burdensome for AISLIC and Zurich. "[T]he burden

15  of production must be compared with the size of and resources available to the responding

16  party." <u>IBM</u>, 83 F.R.D. at 108. AISLIC and Zurich, two of the largest insurance carriers in the

17  country, have enormous legal resources at their disposal, as evident by the numerous letters

18  written by AISLIC and Zurich's counsel, attached hereto, protesting Behr's reasonable document

19  requests. Therefore, given the resources of AISLIC and Zurich and the narrowly drawn scope of

20  Request No. 2, the Request does not unduly burden the insurers and is reasonable.

21                            **IV.    CONCLUSION**

22          For over five months, Behr has attempted to obtain an adequate description of

23  subpoenaed documents under Request No. 2 that AISLIC and Zurich have refused to produce.

24  Those efforts have been unsuccessful. Behr respectfully requests that the Court now order

25

DORSEY & WHITNEY LLP
U.S. BANK BUILDING CENTER
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

1   AISLIC and Zurich to produce privilege logs or other adequate descriptions of the documents

2   they have withheld or redacted, so that Behr may evaluate privilege claims.

3   DATED this 29th day of January, 2004.

4          DORSEY & WHITNEY LLP

5

6          s/ Brian W. Grimm
7          Evan L. Schwab, WSBA #2174
       Brian W. Grimm, WSBA #29619
8          Brendan J. Peters, WSBA #34490
       U.S. Bank Centre
9          1420 Fifth Avenue, Suite 3400
       Seattle, WA 98101
10         Telephone: (206) 903-8800
       Facsimile: (206) 903-8820
11         E-mail: grimm.brian@dorsey.com

12         -- and --

13         HELLER EHRMAN WHITE & McAULIFFE LLP
       Timothy H. Butler, WSBA #19841
14         Matthew A. Carvalho, WSBA #31201
       Timothy D. McMichael, WSBA #29673
15         701 Fifth Avenue, Suite 6100
       Seattle, WA 98104
16         Telephone: (206) 447-0900
       Facsimile: (206) 447-0849

17         Attorneys for Plaintiff,
       Behr Process Corporation

PLAINTIFF'S MOTION TO COMPEL - 12
NO. C01-0467C

DORSEY & WHITNEY LLP
U.S. BANK BUILDING CENTER
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

1

2

## CERTIFICATE OF SERVICE

3

4

I hereby certify that on January 29, 2004, I electronically filed the foregoing with

5

the Clerk of the Court using the CM/ECF system which will send notification of such

6

filing to the following:  Kelly P. Corr, Mark G. Honeywell, David P. Martin, and

7

Timothy H. Butler.

8

I hereby certify that on January 29, 2004, I have mailed by United States Postal

9

Service the document to the following non CM/ECF participants:

10

Michael D. Handler                     Philip R. King
Cozen O'Connor                         Meckler, Bulger & Tilson
1201 Third Avenue, Suite 5200          123 North Wacker Drive, 18th Floor
Seattle, WA  98101-3071                Chicago, IL  60606

11

12

Paul W. Sugarman
Heller Ehrman White & McAuliffe LLP

13

333 Bush Street
San Francisco, CA  94104

14

15

16

17

s/ Brian W. Grimm
WSBA #29619

18

DORSEY & WHITNEY LLP
U.S. Bank Centre

19

1420 Fifth Avenue, Suite 3400
Seattle, WA  98101

20

Telephone:  (206) 903-8800
Facsimile:  (206) 903-8820

21

E-mail:  grimm.brian@dorsey.com

22

Attorney for Defendant,
U.S. Bancorp

23

24

25

PLAINTIFF'S MOTION TO COMPEL - 13
NO. C01-0467C
4835-3865-1648\1

DORSEY & WHITNEY LLP
U.S. BANK BUILDING CENTER
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON  98101
PHONE: (206) 903-8800
FAX: (206) 903-8820