COTC JUDGE _  'll

THE HONORABLE JOHN C. COUGHENOUR

| _____ FILED _____ ENTERED
| _____ LODGED _____ RECEIVED

**FEB 13 2004**   KN

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| BEHR PROCESS CORPORATION,<br><br>                Plaintiff,<br><br>    v.<br><br>BULLIVANT HOUSER BAILEY, P.C.;<br>JOHNSON CHRISTIE ANDREWS &<br>SKINNER, P.S.; RICHARD L. MARTENS and<br>JANE DOE MARTENS and the marital<br>community thereof; and R. PENNOCK GHEEN<br>and JANE DOE GHEEN and the marital<br>community thereof,<br><br>                Defendants. | NO. C-01-0467C<br><br>DECLARATION OF<br>JOAN C. FOLEY<br><br><br>01-CV-00467-DECL |

I, Joan C. Foley, hereby certify and declare as follows:

1.    I am a partner at the law firm of Gordon, Thomas, Honeywell, Malanca, Peterson & Daheim LLP, and an attorney for Defendants Bullivant Houser Bailey, P.C. ("BHB") and E. Pennock Gheen in this action.

2.    On September 30, 2003, Defendants BHB and Gheen responded to Plaintiff's First Requests for Production to Defendant. Attached as Exhibit 1 and 2 are true and correct copies of Plaintiff's First Requests for Production of Documents and Responses Thereto by

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

Defendants Bullivant Houser Bailey, P.C., and E. Pennock Gheen (without Exhibits).

Request for Production Nos. 4 and 5 and the Responses thereto are as follows:

**Request for Production No. 4**: Please produce all documents relating to any claims, complaints or client letters from 1996 to present, containing, without limitation, allegations of conflict of interest, improper business, billing or staffing practices, or breaches of legal ethics by your law firm.

**RESPONSE:**

Defendants Bullivant Houser Bailey, P.C., and E. Pennock Gheen object to this request on the grounds stated in General Objection Nos. 2, 3, and 6, above. Among other things, the breadth of this request would require these Defendants to search every single past and present client file for the past seven (7) years. Without waiving these objections and subject to General Objection No. 7, Defendants Bullivant Houser Bailey, P.C., and E. Pennock Gheen respond as follows: Excerpts of annual E&O insurance applications; "claims, complaints, or client letters" concerning the attorneys at Bullivant Houser Bailey, P.C. who represented Behr in *Smith* and *Truax*, apart from those that may be contained in individual client files; and audit letters from or on behalf of the Insurers in *Smith* and *Truax*, will be made available for inspection at a mutually convenient date and location.

**Request for Production No. 5**: Please produce all documents in any way relating to your business relationship with the insurers, including, but not limited to, any agreements, billing and other guidelines, and any practices or procedures relating to the opening or maintaining of client files or matters that involve insurers.

**RESPONSE:**

Defendants Bullivant Houser Bailey, P.C., and E. Pennock Gheen object to this request on the grounds stated in General Objection Nos. 1, 2 and 3, above. Without waiving said objections, and subject to General Objection No. 7, Defendants Bullivant Houser Bailey, P.C., and E. Pennock Gheen respond as follows: Documents responsive to this request will be made available for inspection at a mutually convenient date and location.

3.    General Objections Nos. 1, 2, and 3 are as follows:

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

1.    Defendants Bullivant Houser Bailey, P.C., and E. Pennock Gheen object to each request to the extent that it seeks documents that are equally accessible and available to Plaintiff. The vast majority of requested documents are already in the possession of Plaintiff and/or Plaintiff's counsel. Furthermore, Defendants Bullivant Houser Bailey, P.C., and E. Pennock Gheen have already produced/made available for inspection to Plaintiff the vast majority of requested documents on multiple occasions. Defendants Bullivant Houser Bailey, P.C., and E. Pennock Gheen therefore respond to each such request by stating that they will make such documents available for inspection if they are not already in Plaintiff's possession or cannot be readily obtained by Plaintiff.

2.    The sheer size and volume of these requests for production, and many of the specific requests, manifest a clear intent by Plaintiff to intimidate, harass, embarrass and place undue and unjustifiable burdens on Defendants in violation of the Federal Rules of Civil Procedure.  Defendants Bullivant Houser Bailey, P.C., and E. Pennock Gheen object to those requests that are designed to harass, intimidate, embarrass and place undue and unjustifiable burdens on Defendants Bullivant Houser Bailey, P.C., and E. Pennock Gheen and that are not instead reasonably calculated to lead to the discovery of admissible evidence.

3.    Defendants Bullivant Houser Bailey, P.C., and E. Pennock Gheen object to these discovery requests to the extent that they are overly broad, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.

4.    On October 14, 2003, at plaintiff's counsel's request, plaintiff's counsel Evan Schwab and Timothy Butler and defendants' counsel Mark Honeywell, Donald Cohen, and I attended an in-person Rule 37 conference concerning Plaintiff's First Requests for Production of Documents and Responses Thereto by Defendants Bullivant Houser Bailey, P.C., and E. Pennock Gheen.  During that conference, Mark Honeywell, Donald Cohen and I informed Messrs. Schwab and Butler that as to BHB's "billing practices and complaints from clients and insurers",[1] BHB will not go through individual client files to obtain responsive documents. Defendants BHB and Gheen would, and have, produced the files in *Smith, et. al.*

---

[1] The quoted text is from my contemporaneous hand-written notes of the Rule 37 conference.

DECLARATION OF JOAN C. FOLEY  - 3 of 5
(C-01-0467C)
[108010 v12]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 – FACSIMILE (206) 676-7575

*v. Behr Process Corp.* Grays Harbor County Cause No. 98-2-00635-4, and *Truax, et. al. v. Behr Process Corp.,* Grays Harbor County Cause No. 96-2-00737. Messrs. Schwab and Butler informed us that the responsive documents they sought included BHB's internal memorandums regarding insurance engagements. We discussed obtaining such documents from managing partners or practice group coordinators rather than from individual client files.

5.    We did not agree to search through BHB individual client files assigned by the Insurers (other than *Truax* and *Smith* files) to retrieve documents which may be responsive to Request for Production No. 5. We have been advised by our client, BHB, that from 1996 to present, the Insurers, Zurich and AISLIC, have assigned to BHB in excess of 1,100 separate files, other than *Truax* and *Smith*. The overwhelming majority of these files are closed, and to the extent they have not been destroyed, are stored off-site in either Washington, Oregon, or California. It would be burdensome in the extreme to retrieve each and every one these files, and review them to determine whether they contain any communications or other documents relative to agreements or other billing and guidelines practices and procedures between BHB and the insurers and then contact each and every client to obtain their consent to release the information requested by Behr. Defendants BHB and Gheen are producing, however, responsive documents from the files of the BHB partners who maintain the billing practices and guideline communications files with the Insurers.

6.    Attached as Exhibit 3 is a true and correct copy of my letter to Evan Schwab and Timothy Butler dated October 20, 2003 regarding the Rule 37 conference of October 14, 2003.

/ /

/ /

/ /

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

1

2       I certify and declare under penalty of perjury under the laws of the State of

3  Washington that the foregoing declaration is true and correct.

4      Dated this _12th_ day of February, 2004 at Seattle, Washington.

5

6

7                         Joan C. Foley

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DECLARATION OF JOAN C. FOLEY - 5 of 5
(C-01-0467C)
[108010 v12]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575



THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BEHR PROCESS CORPORATION,<br><br>                        Plaintiff,<br><br>            vs.<br><br>BULLIVANT HOUSER BAILEY, P.C.;<br>JOHNSON CHRISTIE ANDREWS &<br>SKINNER, P.S.; RICHARD L. MARTENS and<br>JANE DOE MARTENS and the marital<br>community thereof; and E. PENNOCK GHEEN<br>and JANE DOE GHEEN and the marital<br>community thereof,<br><br>                        Defendants. | NO. C01-467R<br><br>PLAINTIFF'S FIRST REQUESTS FOR<br>PRODUCTION OF DOCUMENTS TO<br>DEFENDANTS AND RESPONSES<br>THERETO |

To:     Defendant Bullivant Houser Bailey, P.C. (hereinafter, "Bullivant Houser") and
        Defendant E. Pennock Gheen, and their counsel, Mark Honeywell of GORDON
        THOMAS HONEYWELL MALANCA PETERSON & DAHEIM, LLP

To:     Defendant Richard L. Martens, and his counsel, David Martin of LEE SMART
        COOK MARTIN & PATTERSON

To:     Defendant Johnson Christie Andrews & Skinner, P.S. (hereinafter, "Johnson
        Christie") and its counsel, Kelly Corr & Joshua Preece of CORR CRONIN, LLP

PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION TO
DEFENDANTS - 1 of 19
(C01-467R)
[97652 v24.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
800 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

Pursuant to Fed. R. Civ. P. 34, Plaintiff Behr Process Corp. (hereinafter, "Behr") propounds the following requests for production to Defendants.  The responsive documents should be produced for inspection and copying within thirty (30) days from the date of service of these requests at the offices of the undersigned counsel for Behr.  Under Fed. R. Civ. P. 26(e), these discovery requests are continuing in nature.

If you object to a request for production and withhold information, please specifically identify the information being withheld and the basis for the objection.  If any information, document or thing falling within the scope of any of these discovery requests is withheld on the basis of a claim of privilege or attorney work product, please state:  the nature of the document or thing; subject matter; date; identity of author, originator, sender and each person who is known to have received the document or thing whether or not named as an addressee; and the basis for its withholding.

## DEFINITIONS

"Document" or "documents" means all written, printed, typed, punched, taped, electronically stored, filmed or graphic matter, however produced or reproduced, of every kind and description, in the actual or constructive possession, custody, trust, care, or control of Defendants Bullivant Houser Bailey, P.C., E. Pennock Gheen, Richard L. Martens, Johnson Christie Andrews & Skinner, P.S., including, but not limited to, any correspondence, diary or journal entries, memoranda, notes, internet website content, or any other materials which contain any verbal, graphic, or pictorial information.

"Person" includes both natural persons and legal entities, e.g., associations, partnerships, corporations and law firms.

PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION TO
DEFENDANTS - 2 of 19
(C01-467R)
[97652 v24.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

"You" or "yours" refers to Bullivant Houser Bailey, P.C., E. Pennock Gheen, Richard L. Martens, Johnson Christie Andrews & Skinner, P.S., and any of their former or present employees, attorneys, representatives or agents.

"Insurers" refers to American International Specialty Lines Insurance Company, f/k/a American International Surplus Lines Insurance Company ("AISLIC") and Zurich Insurance Company ("Zurich").

"Smith" refers to *Smith v. Behr Process Corp.*, Grays Harbor Cause No. 98-2-00635-4, during its pendency in the trial court and on appeal.

"Relating to" shall mean any document which is relevant in any way to the subject matter, including without limitation, all documents which contain, record, reflect, summarize, evaluate, comment upon, transmit or discuss the subject matter of any request, as well as the text or notes of any oral or written presentation or conversation.

As used in these discovery requests, singular designations include the plural and the plural the singular; masculine, feminine, and neuter gender include each other; and past tense include the present and present the past.

## DEFENDANTS BULLIVANT HOUSER BAILEY, P.C.'S, AND E. PENNOCK GHEEN'S PRELIMINARY STATEMENT

These responses and objections are based on facts and information presently known and available to responding Defendants. Responding Defendants have not yet received document production from Plaintiff, nor have responding Defendants taken depositions in this action. Therefore, responding Defendants reserve the right, without obligation, to amend these responses and objections to provide additional or different information based on the results of

PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION TO
DEFENDANTS - 3 of 19
(C01-467R)
[97652 v24.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

subsequent investigation, discovery and preparation. Moreover, these responses are given without prejudice to using, or relying on at trial, subsequently developed documents, or documents now known, whose relevance, significance or applicability has not yet been fully ascertained, or documents omitted from these responses as a result of potential error or oversight. Responding Defendants incorporate this initial Preliminary Statement and all of the following General Objections into each and every response as though fully stated therein.

## GENERAL OBJECTIONS

1.    Defendants Bullivant Houser Bailey, P.C., and E. Pennock Gheen object to each request to the extent that it seeks documents that are equally accessible and available to Plaintiff. The vast majority of requested documents are already in the possession of Plaintiff and/or Plaintiff's counsel. Furthermore, Defendants Bullivant Houser Bailey, P.C., and E. Pennock Gheen have already produced/made available for inspection to Plaintiff the vast majority of requested documents on multiple occasions. Defendants Bullivant Houser Bailey, P.C., and E. Pennock Gheen therefore respond to each such request by stating that they will make such documents available for inspection if they are not already in Plaintiff's possession or cannot be readily obtained by Plaintiff.

2.    The sheer size and volume of these requests for production, and many of the specific requests, manifest a clear intent by Plaintiff to intimidate, harass, embarrass and place undue and unjustifiable burdens on Defendants in violation of the Federal Rules of Civil Procedure. Defendants Bullivant Houser Bailey, P.C., and E. Pennock Gheen object to those requests that are designed to harass, intimidate, embarrass and place undue and unjustifiable

PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION TO
DEFENDANTS - 4 of 19
(C01-467R)
[97652 v24.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

burdens on Defendants Bullivant Houser Bailey, P.C., and E. Pennock Gheen and that are not instead reasonably calculated to lead to the discovery of admissible evidence.

3.    Defendants Bullivant Houser Bailey, P.C., and E. Pennock Gheen object to these discovery requests to the extent that they are overly broad, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.

4.    Defendants Bullivant Houser Bailey, P.C., and E. Pennock Gheen object to the definitions and procedures to the extent they seek information which Plaintiffs are not required to provide under the Federal Rules of Civil Procedure. Defendants Bullivant Houser Bailey, P.C., and E. Pennock Gheen decline to comply with such instructions, except to the extent to which those instructions are consistent with those Rules.

5.    Defendants Bullivant Houser Bailey, P.C., and E. Pennock Gheen object to and do not accept any duty to supplement their responses to these Discovery Requests except to the extent required by the Federal Rules of Civil Procedure.

6.    Defendants Bullivant Houser Bailey, P.C., and E. Pennock Gheen object to the discovery requests to the extent that they seek information, documents or things protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or doctrine. No privileged or protected information or documents will be provided, and inadvertent disclosure shall not be deemed a waiver of any such privilege.

7.    The parties to this action currently are negotiating on an appropriate protective order. Defendants Bullivant Houser Bailey, P.C., and E. Pennock Gheen will not produce any documents until such a protective order is entered by the Court pursuant to Federal Rule of Civil Procedure 26(c).

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

8.     Defendants Bullivant Houser Bailey, P.C.'s, and E. Pennock Gheen's responses to these discovery requests represent their reasonable efforts to provide information within their possession, custody or control, obtained after a reasonable, diligent and good faith search in accordance with the Federal Rules of Civil Procedure..  Responding Defendants reserve the right to amend or alter their responses, and to produce additional documents subsequently discovered.

9.     Defendants Bullivant Houser Bailey, P.C., and E. Pennock Gheen object to each request for production to the extent it seeks documents not within Defendants Bullivant Houser Bailey, P.C.'s, and E. Pennock Gheen's possession, custody, or control. Defendants Bullivant Houser Bailey, P.C., and E. Pennock Gheen will produce only responsive non-privileged documents that are within their possession, custody, or control.

10.     Defendants Bullivant Houser Bailey, P.C., and E. Pennock Gheen object to each document request to the extent that it calls for the documents "pertaining to," "referring to" or "relating to," with respect to "any" or "each" particular entity, or subject, on the basis that such request is vague, overly broad, and seeks the production of documents that are not reasonably calculated to lead to the discovery of admissible evidence.

11.     To the extent these requests for production seek electronic mail prior to May 1998 in the possession of responding Defendants, such electronic mail, if any, is contained in back-up tapes from a system no longer in use by responding Defendants.  Responding Defendants will not produce such electronic mail until parties' counsel reach final agreement, and/or an order is entered by the Court concerning costs of production of such electronic mail.

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

## RESPONSES TO DOCUMENT REQUESTS

Incorporating by reference the Preliminary Statement and General Objections set forth above, Defendants Bullivant Houser Bailey, P.C., and E. Pennock Gheen respond to the individual requests as follows:

## DISCOVERY REQUESTS

**Request for Production No. 1**:  Please produce all documents in any way relating to your representation of Behr Process Corp. in *Truax et al. v. Behr Process Corp.*, Grays Harbor Cause No. 96-2-00737 (the *"Truax* case").

**RESPONSE**:

Defendants Bullivant Houser Bailey, P.C., and E. Pennock Gheen object to this request on the ground stated in General Objection No. 11, above.  Without waiving said objections, and subject to General Objection No. 7, Defendants Bullivant Houser Bailey, P.C., and E. Pennock Gheen respond as follows:  Documents responsive to this request will be made available for inspection at a mutually convenient date and location.

**Request for Production No. 2**:  Please produce all your marketing and promotional materials including, but not limited to, advertisements, websites, any printed or electronic materials provided by you to prospective clients, and presentations or seminars for existing or prospective clients from 1996 to present.

**RESPONSE**:

Defendants Bullivant Houser Bailey, P.C., and E. Pennock Gheen object to this request on the grounds stated in General Objection Nos. 2 and 3, above.  The scope of the request is

PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION TO
DEFENDANTS - 7 of 19
(C01-467R)
[97652 v24.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

1    unduly burdensome, overbroad, and seeks the production of documents that are not reasonably

2    calculated to lead to the discovery of admissible evidence.  There is no discoverable basis for

3    obtaining the requested materials, if in existence, from each of the 180 attorneys in Defendant

4    Bullivant Houser Bailey, P.C.'s seven offices, because of the overbreadth and undue

5

6    burdensomeness of this request, and, Defendant Bullivant Houser Bailey, P.C. has not

7    undertaken to locate such documents from each of those lawyers.  Defendant E. Pennock

8    Gheen does not maintain, and has not during the relevant period maintained, a marketing file.

9    Without waiving said objections and subject to General Objection No. 7, Defendants Bullivant

10   Houser Bailey, P.C., and E. Pennock Gheen respond as follows:   Subject to the above

11   limitation, documents responsive to this request will be available for inspection at a mutually

12   convenient date and location.

13

14        **Request for Production No. 3**:  Please produce all Washington State Bar Association

15   disciplinary records relating to any of the attorneys in your firm who were involved in the

16   defense of Behr in the *Smith* case, from 1996 to present.

17        **RESPONSE:**

18

19        Defendants Bullivant Houser Bailey, P.C., and E. Pennock Gheen object to this request

20   on the grounds stated in General Objection Nos. 1, 2, and 3, above.  Without waiving these

21   objections and subject to General Objection No. 7, Defendants Bullivant Houser Bailey, P.C.,

22   and E. Pennock Gheen respond as follows:  Pursuant to a September 11, 2003 telephone

23   conference with Plaintiff's counsel, Plaintiff and responding Defendants agreed to limit RFP

24

25

26

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7676

No. 3 from 1997 to the present.  To the best of responding Defendants' knowledge, there are no such documents.

**Request for Production No. 4**:  Please produce all documents relating to any claims, complaints or client letters from 1996 to present, containing, without limitation, allegations of conflict of interest, improper business, billing or staffing practices, or breaches of legal ethics by your law firm.

**RESPONSE**:

Defendants Bullivant Houser Bailey, P.C., and E. Pennock Gheen object to this request on the grounds stated in General Objection Nos. 2, 3, and 6, above.  Among other things, the breadth of this request would require these Defendants to search every single past and present client file for the past seven (7) years.  Without waiving these objections and subject to General Objection No. 7, Defendants Bullivant Houser Bailey, P.C., and E. Pennock Gheen respond as follows:  Excerpts of annual E&O insurance applications; "claims, complaints, or client letters" concerning the attorneys at Bullivant Houser Bailey, P.C. who represented Behr in *Smith* and *Truax*, apart from those that may be contained in individual client files; and audit letters from or on behalf of the Insurers in *Smith* and *Truax*, will be made available for inspection at a mutually convenient date and location.

**Request for Production No. 5**:  Please produce all documents in any way relating to your business relationship with the insurers, including, but not limited to, any agreements, billing and other guidelines, and any practices or procedures relating to the opening or maintaining of client files or matters that involve insurers.

PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION TO
DEFENDANTS - 9 of 19
(C01-467R)
[97652 v24.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

1    **RESPONSE:**

2         Defendants Bullivant Houser Bailey, P.C., and E. Pennock Gheen object to this request

3    on the grounds stated in General Objection Nos. 1, 2 and 3, above.  Without waiving said

4    objections, and subject to General Objection No. 7, Defendants Bullivant Houser Bailey, P.C.,

5    and E. Pennock Gheen respond as follows:  Documents responsive to this request will be made

6    available for inspection at a mutually convenient date and location.

7

8         **Request for Production No. 6**:  Please produce all documents indicating what part of

9    your annual revenues are attributable to cases where any of the insurers was either your client

10    or paid your bill on behalf of your client, from 1996 to present.

11

12    **RESPONSE:**

13         Defendants Bullivant Houser Bailey, P.C., and E. Pennock Gheen object to this request

14    on the grounds stated in General Objection Nos. 2 and 3, above.  This request seeks

15    information that is beyond the scope of discovery, proprietary in nature, overbroad in terms of

16    time, and specifically designed to harass this defendant. Defendants Bullivant Houser Bailey,

17    P.C., and E. Pennock Gheen have previously produced the billings in this matter.  Furthermore,

18    this type of information is not contained in any documents the responding Defendants keep in

19    the ordinary course of business.  Without waiving these objections, and subject to General

20    Objection No. 7, Defendants Bullivant Houser Bailey, P.C., and E. Pennock Gheen respond as

21    follows: *See* Exhibit A, which was prepared to respond to this request.

22

23

24

25

26

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
800 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

**Request for Production No. 7**:  Please produce all documents in any way relating to the claims or defenses in this action that you did not identify or produce as part of your initial disclosure under Fed. R. Civ. P. 26(a).

**RESPONSE**:

Defendants Bullivant Houser Bailey, P.C., and E. Pennock Gheen object to this request on the grounds stated in General Objection Nos. 1, 2, 3, and 11, above.  Defendants Bullivant Houser Bailey, P.C., and E. Pennock Gheen object to this on the ground that discovery is in its early stages and continuing in this matter and accordingly all documents and facts supporting responding Defendants' "claims or defenses in this action" have not yet been produced to or ascertained by, responding Defendants.

**Request for Production No. 8**:  Please produce all documents, including, but not limited to, correspondence, e-mails and internal memoranda in any way relating to your defense of Behr in the *Smith* case.

**RESPONSE**:

Defendants Bullivant Houser Bailey, P.C., and E. Pennock Gheen object to this request on the grounds stated in General Objection Nos. 1, 2, 3, and 11, above.  Without waiving said objections, and subject to General Objection No. 7, Defendants Bullivant Houser Bailey, P.C., and E. Pennock Gheen respond as follows:  Documents responsive to this request will be made available for inspection at a mutually convenient date and location.

**Request for Production No. 9**:  (*To Johnson Christie and Richard L. Martens*) Please produce all documents in any way relating to Richard L. Martens' departure from Johnson

PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION TO
DEFENDANTS - 11 of 19
(C01-467R)
[97652 v24.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

Christie, including, but not limited to, personnel files, internal evaluations, and management committee documents.

**RESPONSE:**

**Request for Production No. 10:** (*To Johnson Christie and Richard L. Martens*) Please produce all documents in any way relating to the sanctions in *Eagle Hardware & Garden, Inc. et al. v. Valiant Ins. Co.*, U.S. Dist. Ct. No. C98-0916Z (the "*Eagle* case"), including, but not limited to, any efforts to settle the Eagle case or vacate the sanctions subsequent to March 2000, and any documents relating to the payment of the sanctions.

**RESPONSE:**

**Request for Production No. 11:** Please produce all documents in any way relating to your fee arrangements with the insurers, including, but not limited to, documents showing your regular rates and/or discounted rates, if any, in cases involving insurers from 1996 to present.

**RESPONSE:**

Defendants Bullivant Houser Bailey, P.C., and E. Pennock Gheen object to this request on the grounds stated in General Objection Nos. 1, 2, and 3, above. Without waiving said objections, and subject to General Objection No. 7, Defendants Bullivant Houser Bailey, P.C., and E. Pennock Gheen respond as follows: Documents responsive to this request will be made available for inspection at a mutually convenient date and location.

**Request for Production No. 12:** Please produce all documents in any way relating to the performance evaluations of any attorneys in your firm who were involved in the defense of

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

Behr in the *Smith* case; as to Messrs. Martens and Gheen, please also produce documents showing their experience in the ten (10) years preceding the *Smith* case, including the number and types of cases they tried, and records of any CLEs attended by Messrs. Martens and Gheen pertaining to discovery obligations under Washington law.

**RESPONSE:**

Defendants Bullivant Houser Bailey, P.C., and E. Pennock Gheen object to this request on the grounds stated in General Objection Nos. 2, 3, and 6, above. The scope of this request is unduly burdensome, overbroad, and seeks the production of documents that are not reasonably calculated to lead to the discovery of admissible evidence. As to requested performance evaluations, Defendants Bullivant Houser Bailey, P.C.'s, past and current personnel files are confidential and not subject to release to anyone other than the Bullivant Houser Bailey, P.C. management without the express written and signed authorization of the individuals involved. As to documents "showing their experience in the ten (10) years preceding the *Smith* case, including the number and types of cases they tried," such are contained in exceedingly large numbers of individual client files, and Bullivant Houser Bailey P.C. has not undertaken this overbroad and unduly burdensome level of review. Without waiving said objections, and subject to General Objection No. 7, Defendants Bullivant Houser Bailey, P.C., and E. Pennock Gheen respond as follows: Performance evaluations from 1996 to the present of attorneys at Bullivant Houser Bailey, P.C. whose work on the *Smith* and *Truax* cases exceeded ten hours <u>and</u> for whom express written and signed authorizations of release of document have been obtained, will be made available for inspection at a mutually convenient date and location.

PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION TO
DEFENDANTS - 13 of 19
(C01-467R)
[97652 v24.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676.7500 - FACSIMILE (206) 676-7575

Responsive CLE records to this request for defendant E. Pennock Gheen will be available for inspection at a mutually convenient date and location.

**Request for Production No. 13**: Please produce all documents in any way relating to Messrs. Martens and Gheen's compensation during the pendency of the *Smith* case.

**RESPONSE**:

Defendants Bullivant Houser Bailey, P.C., and E. Pennock Gheen object to this request on the grounds stated in General Objection Nos. 1, 2 and 3, above. Furthermore, this type of information is not contained in any documents the responding Defendants keep in the ordinary course of business. Without waiving said objections, and subject to General Objection No. 7, Defendants Bullivant Houser Bailey, P.C., and E. Pennock Gheen respond as follows: Pursuant to a September 11, 2003 telephone conference with Plaintiff's counsel, Plaintiff and responding Defendants agreed to limit RFP 13 to provision of information reflecting Mr. Gheen's compensation during the pendency of the *Smith* case relative to a year prior to the *Smith* case. *See* Exhibit B, which was prepared to respond to this request.

**Request for Production No. 14**: (*To defendant Bullivant Houser*) Please produce all documents, including, but not limited to, internal memoranda and e-mails, in any way relating to the discharge of Mr. Gheen and Bullivant Houser from the *Smith* case.

**RESPONSE**:

Defendants Bullivant Houser Bailey, P.C., and E. Pennock Gheen object to this request on the grounds stated in General Objection Nos. 1, 2 and 3, above. Without waiving said objections, and subject to General Objection No. 7, Defendants Bullivant Houser Bailey, P.C.,

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

and E. Pennock Gheen respond as follows: Documents responsive to this request will be made available for inspection at a mutually convenient date and location.

**Request for Production No. 15**: Please produce all documents in any way relating to your document retention policy and all documents showing what materials related to *Smith*, if any, have been destroyed pursuant to such policy.

**RESPONSE**:

Defendants Bullivant Houser Bailey, P.C., and E. Pennock Gheen object to this request on the grounds stated in General Objection Nos. 2 and 3, above. Without waiving said objections, and subject to General Objection No. 7, Defendants Bullivant Houser Bailey, P.C., and E. Pennock Gheen respond as follows: To the best of responding Defendant's knowledge no documents in *Smith* were destroyed pursuant to Bullivant Houser Bailey, P.C.'s document retention policy. Defendant Bullivant Houser Bailey, P.C., has a document retention policy, which will be provided.

**Request for Production No. 16**: Please produce all documents in any way relating to your reports to, or communications with, the insurers in any way relating to the *Truax* case, the *Smith* case, or this action.

**RESPONSE**:

Defendants Bullivant Houser Bailey, P.C., and E. Pennock Gheen object to this request on the grounds stated in General Objection Nos. 1, 2 and 3, above. Without waiving said objections, and subject to General Objection No. 7, Defendants Bullivant Houser Bailey, P.C., and E. Pennock Gheen respond as follows: Documents relating to reports or communications

PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION TO
DEFENDANTS - 15 of 19
(C01-467R)
[97652 v24.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7675

1    with Insurers relating to the *Truax* and/or *Smith* cases will be produced at a mutually

2    convenient date and location. With regard to "this action," as that term is used in this request,

3    responding Defendants object to this request as it is invasive of the attorney-client and work

4    product privileges to the extent it requests communications responding Defendants and/or its

5    counsel may have had with any person, entity, or insurer.

6

7    **Request for Production No. 17**: Please produce all of your training materials in any

8    way relating to compliance with an attorney's discovery obligations under *Washington State*

9    *Physicians Ins. Exch. & Assn. v. Fisons Corp.*, 122 Wn.2d 299 (1993), including but not

10

11    limited to, any client questionnaires and interview outlines.

12    **RESPONSE:**

13    Defendants Bullivant Houser Bailey, P.C., and E. Pennock Gheen object to this request

14    on the grounds stated in General Objection Nos. 2 and 3, above. Without waiving said

15    objections, and subject to General Objection No. 7, Defendants Bullivant Houser Bailey, P.C.,

16    and E. Pennock Gheen respond as follows: In a September 11, 2003 telephone conference with

17    Plaintiffs' counsel, Plaintiff has told Defendants Bullivant Houser Bailey, P.C., and E. Pennock

18    Gheen that "client questionnaires and interview outlines" refer to attorney training materials.

19    Responding Defendants are in the process of searching for any such training materials, and

20    such training materials, if they still exist, will be made available for inspection at a mutually

21    convenient date and location.

22

23

24

25

26

PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION TO
DEFENDANTS - 16 of 19
(C01-467R)
[97652 v24.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

1    DATED this /26th/ day of August, 2003.

2                                        DORSEY & WHITNEY LLP

3                                        _____/s/_____
4                                        EVAN L. SCHWAB WSBA #2174
                                         RITA V. LATSINOVA WSBA #24447

5                                        **AND**:

6                                        PAUL SUGARMAN, *PRO HA C VICE*
7                                        TIMOTHY BUTLER, WSBA #19841
                                         HELLER EHRMAN WHITE & MCAULIFFE
8                                        701 FIFTH AVE., SUITE 6100
                                         SEATTLE, WA 98104
9                                        (206) 447-0900

10                                       Attorneys for Plaintiff
11                                       BEHR PROCESS CORPORATION

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26
     PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION TO
     DEFENDANTS - 17 of 19
     (C01-467R)
     [97652 v24.doc]
                                                    LAW OFFICES
                                    GORDON, THOMAS, HONEYWELL, MALANCA,
                                            PETERSON & DAHEIM LLP
                                                ONE UNION SQUARE
                                            600 UNIVERSITY, SUITE 2100
                                         SEATTLE, WASHINGTON 98101-4185
                                       (206) 676-7500 - FACSIMILE (206) 676-7575

1    **ANSWERS DATED**: _September 30, 2003_

2

3 STATE OF WASHINGTON )
                          ) ss

4 COUNTY OF _King_   )

5    _THOMAS D. ADAMS_____, being first duly sworn on oath, deposes and says:

6 I have authority to sign on behalf of the defendant(s) above-named, I have read the foregoing
Responses to Plaintiff's First Request for Production to Defendants, know the contents thereof,

7 and believe the same to be true and correct to the best of my knowledge.

8                                   _/s/_
                           By: THOMAS D. ADAMS

9 SUBSCRIBED AND SWORN to before me this 30th day of September,

10 2003.

11

12                                _/s/_
                      Print/Type Name: _Debra Ann Samuelson_

13                       Notary Public in and for the State of Washington
                      residing at _Edmonds_

14                       My Commission Expires: _4-20-05_

15

16

17

18

19

20

21

22

23

24

25

26 PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION TO
DEFENDANTS - 18 of 19
(C01-467R)
[97652 v24]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

## ATTORNEY CERTIFICATION

The undersigned attorney for defendant(s) Bullivant Houser Bailey, P.C., E. Pennock

Gheen, Richard L. Martens, and Johnson Christie Andrews & Skinner, P.S. has reviewed the

foregoing responses to Plaintiff's First Requests for Production to Defendants, and certifies that

they are in compliance with Federal Rule of Civil Procedure 26(g).

DATED this **30th** day of September, 2003.

GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP

By:  _Joan C. Foley_

Mark G. Honeywell, WSBA #1567
Joan C. Foley, WSBA No. 25861
600 University Street, Suite 2100
Seattle, WA 98101
Telephone: (206) 676-7500
Facsimile: (206) 676-7575
Counsel for Defendants Bullivant Houser
Bailey, P.C., E. Pennock Gheen and Jane Doe Gheen

PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION TO
DEFENDANTS - 19 of 19
(C01-467R)
[97652 v24.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575



THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BEHR PROCESS CORPORATION,

　　　　　　　　　Plaintiff,

　　　vs.

BULLIVANT HOUSER BAILEY, P.C.;
JOHNSON CHRISTIE ANDREWS &
SKINNER, P.S.; RICHARD L. MARTENS and
JANE DOE MARTENS and the marital
community thereof; and E. PENNOCK GHEEN
and JANE DOE GHEEN and the marital
community thereof,

　　　　　　　　　Defendants.

NO. C01-467R

PLAINTIFF'S FIRST REQUESTS FOR
PRODUCTION OF DOCUMENTS TO
DEFENDANTS AND RESPONSES
THERETO

To:　Defendant Bullivant Houser Bailey, P.C. (hereinafter, "Bullivant Houser") and
　　　Defendant E. Pennock Gheen, and their counsel, Mark Honeywell of GORDON
　　　THOMAS HONEYWELL MALANCA PETERSON & DAHEIM, LLP

To:　Defendant Richard L. Martens, and his counsel, David Martin of LEE SMART
　　　COOK MARTIN & PATTERSON

To:　Defendant Johnson Christie Andrews & Skinner, P.S. (hereinafter, "Johnson
　　　Christie") and its counsel, Kelly Corr & Joshua Preece of CORR CRONIN, LLP

PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION TO
DEFENDANTS - 1 of 19
(C01-467R)
[97652 v25.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
800 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 . FACSIMILE (206) 676-7575

Pursuant to Fed. R. Civ. P. 34, Plaintiff Behr Process Corp. (hereinafter, "'Behr") propounds the following requests for production to Defendants. The responsive documents should be produced for inspection and copying within thirty (30) days from the date of service of these requests at the offices of the undersigned counsel for Behr. Under Fed. R. Civ. P. 26(e), these discovery requests are continuing in nature.

If you object to a request for production and withhold information, please specifically identify the information being withheld and the basis for the objection. If any information, document or thing falling within the scope of any of these discovery requests is withheld on the basis of a claim of privilege or attorney work product, please state: the nature of the document or thing; subject matter; date; identity of author, originator, sender and each person who is known to have received the document or thing whether or not named as an addressee; and the basis for its withholding.

## **DEFINITIONS**

"Document" or "documents" means all written, printed, typed, punched, taped, electronically stored, filmed or graphic matter, however produced or reproduced, of every kind and description, in the actual or constructive possession, custody, trust, care, or control of Defendants Bullivant Houser Bailey, P.C., E. Pennock Gheen, Richard L. Martens, Johnson Christie Andrews & Skinner, P.S., including, but not limited to, any correspondence, diary or journal entries, memoranda, notes, internet website content, or any other materials which contain any verbal, graphic, or pictorial information.

"Person" includes both natural persons and legal entities, e.g., associations, partnerships, corporations and law firms.

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

"You" or "yours" refers to Bullivant Houser Bailey, P.C., E. Pennock Gheen, Richard L. Martens, Johnson Christie Andrews & Skinner, P.S., and any of their former or present employees, attorneys, representatives or agents.

"Insurers" refers to American International Specialty Lines Insurance Company, f/k/a American International Surplus Lines Insurance Company ("AISLIC") and Zurich Insurance Company ("Zurich").

"Smith" refers to *Smith v. Behr Process Corp.*, Grays Harbor Cause No. 98-2-00635-4, during its pendency in the trial court and on appeal.

"Relating to" shall mean any document which is relevant in any way to the subject matter, including without limitation, all documents which contain, record, reflect, summarize, evaluate, comment upon, transmit or discuss the subject matter of any request, as well as the text or notes of any oral or written presentation or conversation.

As used in these discovery requests, singular designations include the plural and the plural the singular; masculine, feminine, and neuter gender include each other; and past tense include the present and present the past.

## DEFENDANTS BULLIVANT HOUSER BAILEY, P.C.'S, AND E. PENNOCK GHEEN'S PRELIMINARY STATEMENT

These responses and objections are based on facts and information presently known and available to responding Defendants. Responding Defendants have not yet received document production from Plaintiff, nor have responding Defendants taken depositions in this action. Therefore, responding Defendants reserve the right, without obligation, to amend these responses and objections to provide additional or different information based on the results of

PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION TO
DEFENDANTS - 3 of 19
(C01-467R)
[97652 v25.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

1    subsequent investigation, discovery and preparation.    Moreover, these responses are given

2    without prejudice to using, or relying on at trial, subsequently developed documents, or

3    documents now known, whose relevance, significance or applicability has not yet been fully

4    ascertained, or documents omitted from these responses as a result of potential error or

5    oversight. Responding Defendants incorporate this initial Preliminary Statement and all of the

6    following General Objections into each and every response as though fully stated therein.

7

8    ## GENERAL OBJECTIONS

9    1.    Defendants Bullivant Houser Bailey, P.C., and E. Pennock Gheen object to each

10    request to the extent that it seeks documents that are equally accessible and available to

11    Plaintiff. The vast majority of requested documents are already in the possession of Plaintiff

12    and/or Plaintiff's counsel.    Furthermore, Defendants Bullivant Houser Bailey, P.C., and E.

13    Pennock Gheen have already produced/made available for inspection to Plaintiff the vast

14    majority of requested documents on multiple occasions. Defendants Bullivant Houser Bailey,

15    P.C., and E. Pennock Gheen therefore respond to each such request by stating that they will

16    make such documents available for inspection if they are not already in Plaintiff's possession or

17    cannot be readily obtained by Plaintiff.

18    2.    The sheer size and volume of these requests for production, and many of the

19    specific requests, manifest a clear intent by Plaintiff to intimidate, harass, embarrass and place

20    undue and unjustifiable burdens on Defendants in violation of the Federal Rules of Civil

21    Procedure. Defendants Bullivant Houser Bailey, P.C., and E. Pennock Gheen object to those

22    requests that are designed to harass, intimidate, embarrass and place undue and unjustifiable

23

24

25

26    PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION TO
DEFENDANTS - 4 of 19
(C01-467R)
[97652 v25.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676.7500 - FACSIMILE (206) 676-7575

burdens on Defendants Bullivant Houser Bailey, P.C., and E. Pennock Gheen and that are not instead reasonably calculated to lead to the discovery of admissible evidence.

3.      Defendants Bullivant Houser Bailey, P.C., and E. Pennock Gheen object to these discovery requests to the extent that they are overly broad, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.

4.      Defendants Bullivant Houser Bailey, P.C., and E. Pennock Gheen object to the definitions and procedures to the extent they seek information which Plaintiffs are not required to provide under the Federal Rules of Civil Procedure. Defendants Bullivant Houser Bailey, P.C., and E. Pennock Gheen decline to comply with such instructions, except to the extent to which those instructions are consistent with those Rules.

5.      Defendants Bullivant Houser Bailey, P.C., and E. Pennock Gheen object to and do not accept any duty to supplement their responses to these Discovery Requests except to the extent required by the Federal Rules of Civil Procedure.

6.      Defendants Bullivant Houser Bailey, P.C., and E. Pennock Gheen object to the discovery requests to the extent that they seek information, documents or things protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or doctrine. No privileged or protected information or documents will be provided, and inadvertent disclosure shall not be deemed a waiver of any such privilege.

7.      The parties to this action currently are negotiating on an appropriate protective order. Defendants Bullivant Houser Bailey, P.C., and E. Pennock Gheen will not produce any documents until such a protective order is entered by the Court pursuant to Federal Rule of Civil Procedure 26(c).

PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION TO
DEFENDANTS - 5 of 19
(C01-467R)
[97652 v25.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

8.      Defendants Bullivant Houser Bailey, P.C.'s, and E. Pennock Gheen's responses to these discovery requests represent their reasonable efforts to provide information within their possession, custody or control, obtained after a reasonable, diligent and good faith search in accordance with the Federal Rules of Civil Procedure..  Responding Defendants reserve the right to amend or alter their responses, and to produce additional documents subsequently discovered.

9.      Defendants Bullivant Houser Bailey, P.C., and E. Pennock Gheen object to each request for production to the extent it seeks documents not within Defendants Bullivant Houser Bailey, P.C.'s, and E. Pennock Gheen's possession, custody, or control. Defendants Bullivant Houser Bailey, P.C., and E. Pennock Gheen will produce only responsive non-privileged documents that are within their possession, custody, or control.

10.     Defendants Bullivant Houser Bailey, P.C., and E. Pennock Gheen object to each document request to the extent that it calls for the documents "pertaining to," "referring to" or "relating to," with respect to "any" or "each" particular entity, or subject, on the basis that such request is vague, overly broad, and seeks the production of documents that are not reasonably calculated to lead to the discovery of admissible evidence.

11.     To the extent these requests for production seek electronic mail prior to May 1998 in the possession of responding Defendants, such electronic mail, if any, is contained in back-up tapes from a system no longer in use by responding Defendants.  Responding Defendants will not produce such electronic mail until parties' counsel reach final agreement, and/or an order is entered by the Court concerning costs of production of such electronic mail.

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

1

## RESPONSES TO DOCUMENT REQUESTS

2      Incorporating by reference the Preliminary Statement and General Objections set forth

3   above, Defendants Bullivant Houser Bailey, P.C., and E. Pennock Gheen respond to the

4   individual requests as follows:

5

## DISCOVERY REQUESTS

6

7      **Request for Production No. 1**:  Please produce all documents in any way relating to

8   your representation of Behr Process Corp. in *Truax et al. v. Behr Process Corp.*, Grays Harbor

9   Cause No. 96-2-00737 (the "*Truax* case").

10      **RESPONSE**:

11      Defendants Bullivant Houser Bailey, P.C., and E. Pennock Gheen object to this request

12   on the ground stated in General Objection No. 11, above.  Without waiving said objections, and

13   subject to General Objection No. 7, Defendants Bullivant Houser Bailey, P.C., and E. Pennock

14   Gheen respond as follows:  Documents responsive to this request will be made available for

15

16   inspection at a mutually convenient date and location.

17

18      **Request for Production No. 2**:  Please produce all your marketing and promotional

19   materials including, but not limited to, advertisements, websites, any printed or electronic

20   materials provided by you to prospective clients, and presentations or seminars for existing or

21   prospective clients from 1996 to present.

22      **RESPONSE**:

23      Defendants Bullivant Houser Bailey, P.C., and E. Pennock Gheen object to this request

24   on the grounds stated in General Objection Nos. 2 and 3, above.  The scope of the request is

25

26

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7600 · FACSIMILE (206) 676-7575

1   unduly burdensome, overbroad, and seeks the production of documents that are not reasonably

2   calculated to lead to the discovery of admissible evidence.  There is no discoverable basis for

3   obtaining the requested materials, if in existence, from each of the 180 attorneys in Defendant

4   Bullivant Houser Bailey, P.C.'s seven offices, because of the overbreadth and undue

5   burdensomeness of this request, and, Defendant Bullivant Houser Bailey, P.C. has not

6   undertaken to locate such documents from each of those lawyers.  Defendant E. Pennock

7   Gheen does not maintain, and has not during the relevant period maintained, a marketing file.

8   Without waiving said objections and subject to General Objection No. 7, Defendants Bullivant

9   Houser Bailey, P.C., and E. Pennock Gheen respond as follows:   Subject to the above

10  limitation, documents responsive to this request will be available for inspection at a mutually

11  convenient date and location.

12

13  **Request for Production No. 3**:  Please produce all Washington State Bar Association

14  disciplinary records relating to any of the attorneys in your firm who were involved in the

15  defense of Behr in the *Smith* case, from 1996 to present.

16  **RESPONSE**:

17  Defendants Bullivant Houser Bailey, P.C., and E. Pennock Gheen object to this request

18  on the grounds stated in General Objection Nos. 1, 2, and 3, above.  Without waiving these

19  objections and subject to General Objection No. 7, Defendants Bullivant Houser Bailey, P.C.,

20  and E. Pennock Gheen respond as follows:   Pursuant to a September 11, 2003 telephone

21  conference with Plaintiff's counsel, Plaintiff and responding Defendants agreed to limit RFP

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

1    No. 3 from 1997 to the present.  To the best of responding Defendants' knowledge, there are no

2    such documents.

3

4        **Request for Production No. 4**:  Please produce all documents relating to any claims,

5    complaints or client letters from 1996 to present, containing, without limitation, allegations of

6    conflict of interest, improper business, billing or staffing practices, or breaches of legal ethics

7    by your law firm.

8        **RESPONSE**:

9

10       Defendants Bullivant Houser Bailey, P.C., and E. Pennock Gheen object to this request

11   on the grounds stated in General Objection Nos. 2, 3, and 6, above.  Among other things, the

12   breadth of this request would require these Defendants to search every single past and present

13   client file for the past seven (7) years.  Without waiving these objections and subject to General

14   Objection No. 7, Defendants Bullivant Houser Bailey, P.C., and E. Pennock Gheen respond as

15   follows:  Excerpts of annual E&O insurance applications; "claims, complaints, or client letters"

16   concerning the attorneys at Bullivant Houser Bailey, P.C. who represented Behr in *Smith* and

17   *Truax*, apart from those that may be contained in individual client files; and audit letters from

18

19   or on behalf of the Insurers in *Smith* and *Truax*, will be made available for inspection at a

20   mutually convenient date and location.

21

22       **Request for Production No. 5**:  Please produce all documents in any way relating to

23   your business relationship with the insurers, including, but not limited to, any agreements,

24   billing and other guidelines, and any practices or procedures relating to the opening or

25   maintaining of client files or matters that involve insurers.

26   PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION TO
     DEFENDANTS - 9 of 19
     (C01-467R)
     [97652 v25.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7675

1

2  **RESPONSE**:

3  Defendants Bullivant Houser Bailey, P.C., and E. Pennock Gheen object to this request

4  on the grounds stated in General Objection Nos. 1, 2 and 3, above. Without waiving said

5  objections, and subject to General Objection No. 7, Defendants Bullivant Houser Bailey, P.C.,

6  and E. Pennock Gheen respond as follows: Documents responsive to this request will be made

7  available for inspection at a mutually convenient date and location.

8

9  **Request for Production No. 6**: Please produce all documents indicating what part of

10  your annual revenues are attributable to cases where any of the insurers was either your client

11  or paid your bill on behalf of your client, from 1996 to present.

12  **RESPONSE**:

13  Defendants Bullivant Houser Bailey, P.C., and E. Pennock Gheen object to this request

14  on the grounds stated in General Objection Nos. 2 and 3, above. This request seeks

15  information that is beyond the scope of discovery, proprietary in nature, overbroad in terms of

16  time, and specifically designed to harass this defendant. Defendants Bullivant Houser Bailey,

17  P.C., and E. Pennock Gheen have previously produced the billings in this matter. Furthermore,

18  this type of information is not contained in any documents the responding Defendants keep in

19  the ordinary course of business. Without waiving these objections, and subject to General

20  Objection No. 7, Defendants Bullivant Houser Bailey, P.C., and E. Pennock Gheen respond as

21  follows: *See* Exhibit A, which was prepared to respond to this request.

22

23

24

25

26  PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION TO
DEFENDANTS - 10 of 19
(C01-467R)
[97652 v25.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

1  **Request for Production No. 7**: Please produce all documents in any way relating to

2  the claims or defenses in this action that you did not identify or produce as part of your initial

3  disclosure under Fed. R. Civ. P. 26(a).

4  **RESPONSE:**

5  Defendants Bullivant Houser Bailey, P.C., and E. Pennock Gheen object to this request

6  on the grounds stated in General Objection Nos. 1, 2, 3, and 11, above. Defendants Bullivant

7  Houser Bailey, P.C., and E. Pennock Gheen object to this on the ground that discovery is in its

8  early stages and continuing in this matter and accordingly all documents and facts supporting

9  responding Defendants' "claims or defenses in this action" have not yet been produced to or

10  ascertained by, responding Defendants.

11

12  **Request for Production No. 8**: Please produce all documents, including, but not

13  limited to, correspondence, e-mails and internal memoranda in any way relating to your

14  defense of Behr in the *Smith* case.

15  **RESPONSE:**

16  Defendants Bullivant Houser Bailey, P.C., and E. Pennock Gheen object to this request

17  on the grounds stated in General Objection Nos. 1, 2, 3, and 11, above. Without waiving said

18  objections, and subject to General Objection No. 7, Defendants Bullivant Houser Bailey, P.C.,

19  and E. Pennock Gheen respond as follows: Documents responsive to this request will be made

20  available for inspection at a mutually convenient date and location.

21

22  **Request for Production No. 9**: (*To Johnson Christie and Richard L. Martens*) Please

23  produce all documents in any way relating to Richard L. Martens' departure from Johnson

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7600 - FACSIMILE (206) 676-7575

1   Christie, including, but not limited to, personnel files, internal evaluations, and management

2   committee documents.

3       **RESPONSE:**

4

5       **Request for Production No. 10**:   (*To Johnson Christie and Richard L. Martens*)

6   Please produce all documents in any way relating to the sanctions in *Eagle Hardware &*

7   *Garden, Inc. et al. v. Valiant Ins. Co.*, U.S. Dist. Ct. No. C98-0916Z (the "*Eagle* case"),

8   including, but not limited to, any efforts to settle the Eagle case or vacate the sanctions

9   subsequent to March 2000, and any documents relating to the payment of the sanctions.

10      **RESPONSE:**

11

12      **Request for Production No. 11**:  Please produce all documents in any way relating to

13  your fee arrangements with the insurers, including, but not limited to, documents showing your

14  regular rates and/or discounted rates, if any, in cases involving insurers from 1996 to present.

15

16      **RESPONSE:**

17      Defendants Bullivant Houser Bailey, P.C., and E. Pennock Gheen object to this request

18  on the grounds stated in General Objection Nos. 1, 2, and 3, above.  Without waiving said

19  objections, and subject to General Objection No. 7, Defendants Bullivant Houser Bailey, P.C.,

20  and E. Pennock Gheen respond as follows:  Documents responsive to this request will be made

21  available for inspection at a mutually convenient date and location.

22

23      **Request for Production No. 12**:  Please produce all documents in any way relating to

24  the performance evaluations of any attorneys in your firm who were involved in the defense of

25

26  PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION TO
    DEFENDANTS - 12 of 19
    (C01-467R)
    [97652 v25.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

1   Behr in the *Smith* case; as to Messrs. Martens and Gheen, please also produce documents

2   showing their experience in the ten (10) years preceding the *Smith* case, including the number

3   and types of cases they tried, and records of any CLEs attended by Messrs. Martens and Gheen

4   pertaining to discovery obligations under Washington law.

5       **RESPONSE:**

6

7       Defendants Bullivant Houser Bailey, P.C., and E. Pennock Gheen object to this request

8   on the grounds stated in General Objection Nos. 2, 3, and 6, above. The scope of this request is

9   unduly burdensome, overbroad, and seeks the production of documents that are not reasonably

10  calculated to lead to the discovery of admissible evidence. As to requested performance

11  evaluations, Defendants Bullivant Houser Bailey, P.C.'s, past and current personnel files are

12  confidential and not subject to release to anyone other than the Bullivant Houser Bailey, P.C.

13  management without the express written and signed authorization of the individuals involved.

14  As to documents "showing their experience in the ten (10) years preceding the *Smith* case,

15  including the number and types of cases they tried," such are contained in exceedingly large

16  numbers of individual client files, and Bullivant Houser Bailey P.C. has not undertaken this

17  overbroad and unduly burdensome level of review. Without waiving said objections, and

18  subject to General Objection No. 7, Defendants Bullivant Houser Bailey, P.C., and E. Pennock

19  Gheen respond as follows: Performance evaluations from 1996 to the present of attorneys at

20  Bullivant Houser Bailey, P.C. whose work on the *Smith* and *Truax* cases exceeded ten hours

21  and for whom express written and signed authorizations of release of document have been

22  obtained, will be made available for inspection at a mutually convenient date and location.

23

24

25

26

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

1   Responsive CLE records to this request for defendant E. Pennock Gheen will be available for

2   inspection at a mutually convenient date and location.

3   **Request for Production No. 13**:  Please produce all documents in any way relating to

4   Messrs. Martens and Gheen's compensation during the pendency of the *Smith* case.

5   **RESPONSE**:

6
7   Defendants Bullivant Houser Bailey, P.C., and E. Pennock Gheen object to this request

8   on the grounds stated in General Objection Nos. 1, 2 and 3, above.  Furthermore, this type of

9   information is not contained in any documents the responding Defendants keep in the ordinary

10  course of business.  Without waiving said objections, and subject to General Objection No. 7,

11  Defendants Bullivant Houser Bailey, P.C., and E. Pennock Gheen respond as follows:  Pursuant

12  to a September 11, 2003 telephone conference with Plaintiff's counsel, Plaintiff and responding

13  Defendants agreed to limit RFP 13 to provision of information reflecting Mr. Gheen's

14
15  compensation during the pendency of the *Smith* case relative to a year prior to the *Smith* case.

16  *See* Exhibit B, which was prepared to respond to this request.

17
18  **Request for Production No. 14**:  (*To defendant Bullivant Houser*)  Please produce all

19  documents, including, but not limited to, internal memoranda and e-mails, in any way relating

20  to the discharge of Mr. Gheen and Bullivant Houser from the *Smith* case.

21  **RESPONSE**:

22  Defendants Bullivant Houser Bailey, P.C., and E. Pennock Gheen object to this request

23  on the grounds stated in General Objection Nos. 1, 2 and 3, above.  Without waiving said

24  objections, and subject to General Objection No. 7, Defendants Bullivant Houser Bailey, P.C.,

25
26  PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION TO
    DEFENDANTS - 14 of 19
    (C01-467R)
    [97652 v25.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

and E. Pennock Gheen respond as follows:  Documents responsive to this request will be made available for inspection at a mutually convenient date and location.

**Request for Production No. 15**:  Please produce all documents in any way relating to your document retention policy and all documents showing what materials related to *Smith*, if any, have been destroyed pursuant to such policy.

**RESPONSE:**

Defendants Bullivant Houser Bailey, P.C., and E. Pennock Gheen object to this request on the grounds stated in General Objection Nos. 2 and 3, above.  Without waiving said objections, and subject to General Objection No. 7, Defendants Bullivant Houser Bailey, P.C., and E. Pennock Gheen respond as follows:  To the best of responding Defendant's knowledge no documents in *Smith* were destroyed pursuant to Bullivant Houser Bailey, P.C.'s document retention policy.  Defendant Bullivant Houser Bailey, P.C., has a document retention policy, which will be provided.

**Request for Production No. 16**:  Please produce all documents in any way relating to your reports to, or communications with, the insurers in any way relating to the *Truax* case, the *Smith* case, or this action.

**RESPONSE:**

Defendants Bullivant Houser Bailey, P.C., and E. Pennock Gheen object to this request on the grounds stated in General Objection Nos. 1, 2 and 3, above.  Without waiving said objections, and subject to General Objection No. 7, Defendants Bullivant Houser Bailey, P.C., and E. Pennock Gheen respond as follows:  Documents relating to reports or communications

PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION TO
DEFENDANTS - 15 of 19
(C01-467R)
[97652 v25.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7675

1   with Insurers relating to the *Truax* and/or *Smith* cases will be produced at a mutually

2   convenient date and location. With regard to "this action," as that term is used in this request,

3   responding Defendants object to this request as it is invasive of the attorney-client and work

4   product privileges to the extent it requests communications responding Defendants and/or its

5   counsel may have had with any person, entity, or insurer.

6

7   **Request for Production No. 17:** Please produce all of your training materials in any

8   way relating to compliance with an attorney's discovery obligations under *Washington State*

9   *Physicians Ins. Exch. & Assn. v. Fisons Corp.*, 122 Wn.2d 299 (1993), including but not

10  limited to, any client questionnaires and interview outlines.

11

12  **RESPONSE:**

13  Defendants Bullivant Houser Bailey, P.C., and E. Pennock Gheen object to this request

14  on the grounds stated in General Objection Nos. 2 and 3, above. Without waiving said

15  objections, and subject to General Objection No. 7, Defendants Bullivant Houser Bailey, P.C.,

16  and E. Pennock Gheen respond as follows: In a September 11, 2003 telephone conference with

17  Plaintiffs' counsel, Plaintiff has told Defendants Bullivant Houser Bailey, P.C., and E. Pennock

18  Gheen that "client questionnaires and interview outlines" refer to attorney training materials.

19  Responding Defendants are in the process of searching for any such training materials, and

20  such training materials, if they still exist, will be made available for inspection at a mutually

21  convenient date and location.

22

23

24

25

26

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

1    DATED this /26ᵗʰ/ day of August, 2003.

2                                    DORSEY & WHITNEY LLP

3                                    _____/s/_____

4                                    EVAN L. SCHWAB WSBA #2174
                                     RITA V. LATSINOVA WSBA #24447

5

6                                    **AND:**

7                                    PAUL SUGARMAN, *PRO HA C VICE*
                                     TIMOTHY BUTLER, WSBA #19841

8                                    HELLER EHRMAN WHITE & MCAULIFFE
                                     701 FIFTH AVE., SUITE 6100

9                                    SEATTLE, WA 98104
                                     (206) 447-0900

10
                                     Attorneys for Plaintiff
11                                   BEHR PROCESS CORPORATION

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26
     PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION TO
     DEFENDANTS - 17 of 19
     (C01-467R)
     [97652 v25.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

1

**ANSWERS DATED:** Sept 30, 2003

2

STATE OF WASHINGTON )

3
                                ) ss
COUNTY OF Washington )

4

5     E. Pennock Gheen, being first duly sworn on oath, deposes and says:
I have authority to sign on behalf of the defendant(s) above-named, I have read the foregoing

6     Responses to Plaintiff's First Request for Production to Defendants, know the contents thereof,
and believe the same to be true and correct to the best of my knowledge.

7

8                                    By: _____

9     SUBSCRIBED AND SWORN to before me this 30th day of September,

10    2003.

11

12                        Debora Z11_____
                          Print/Type Name: Deborah L. Messer

13                        Notary Public in and for the State of Washington
                          residing at Vashon.

14                        My Commission Expires: 10/15/04

15

16

17

18

19

20

21

22

23

24

25

26

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

1

## ATTORNEY CERTIFICATION

2

3
The undersigned attorney for defendant(s) Bullivant Houser Bailey, P.C., E. Pennock

4
Gheen, Richard L. Martens, and Johnson Christie Andrews & Skinner, P.S. has reviewed the

5
foregoing responses to Plaintiff's First Requests for Production to Defendants, and certifies that

6
they are in compliance with Federal Rule of Civil Procedure 26(g).

7
DATED this **30th** day of September, 2003.

8
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP

9

10

11
By:   _____

Mark G. Honeywell, WSBA #1567

12
Joan C. Foley, WSBA No. 25861
600 University Street, Suite 2100

13
Seattle, WA  98101
Telephone:  (206) 676-7500

14
Facsimile:  (206) 676-7575
Counsel for Defendants Bullivant Houser

15
Bailey, P.C., E. Pennock Gheen and Jane Doe Gheen

16

17

18

19

20

21

22

23

24

25

26

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
800 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575



LAW OFFICES

# GORDON, THOMAS, HONEYWELL, MALANCA, PETERSON & DAHEIM LLP

SEATTLE OFFICE
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500
FACSIMILE (206) 676-7575
REPLY TO SEATTLE OFFICE

TACOMA OFFICE
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500
FACSIMILE (253) 620-6565

BOTHELL OFFICE
21540 – 30th DRIVE SE, SUITE 101
BOTHELL, WASHINGTON 98021
(425) 415-7041
FACSIMILE (425) 415-7001

Joan C. Foley
Direct: (206) 676-7544
E-mail: jfoley@gth-law.com

October 20, 2003

*TRANSMITTED VIA FAX AND*
*FIRST CLASS U.S. MAIL*

Evan L. Schwab
Dorsey & Whitney LLP
U.S. Bank Building Center
1420 Fifth Avenue, Suite 3400
Seattle, WA 98101

Timothy Butler
Heller Ehrmann White & McAuliffe, LLP
701 Fifth Ave., Suite 6100
Seattle, WA 98104

RE:    *Behr Process Corp. v. Bullivant Houser Bailey, PC, et. al.*

Dear Evan and Tim:

I am writing to memorialize the results of our Rule 37 conference on October 14th concerning Plaintiffs' First Requests for Production of Documents and Responses Thereto by Defendants Bullivant Houser Bailey, P.C., and E. Pennock Gheen.

General Objection No. 11:

Plaintiffs and responding Defendants agreed to pay their own respective costs in retrieving e-mail to outstanding discovery requests.

Responding Defendants will produce responsive e-mail from 2000-2001 in hard copy shortly. Responding Defendants informed Plaintiff that they have preserved 27 back-up tapes that may contain potentially responsive e-mail.

Plaintiff inquired when is the "start" date of e-mails that will be produced. Responding Defendants will respond to this inquiry.

Response to RFP No. 2:

[100866 v08.doc]

GORDON, THOMAS, HONEYWELL,
MALANCA, PETERSON & DAHEIM LLP

October 20, 2003
Page 2

Responding Defendants described the volume of documents which will be produced in response to this request. Plaintiff agreed to hold off on addressing any concerns it may have on this Response, until a review of such documents. If Plaintiff perceives the need to do so, it will revisit this Response after that time.

Response to RFP No. 4:

Plaintiff and responding Defendants agreed that responding Defendants do not have to go through individual client files from 1996 on to search for potentially responsive documents, but rather defense counsel will inquire of E. Pennock Gheen if he is aware of complaints or client letters from 1996 to present containing allegations of "conflict of interest, improper business, billing or staffing practices, or breaches of legal ethics" and, if so, produce such documents.

Plaintiff and responding Defendants agreed that responding Defendants will produce correspondence and internal memoranda, if any, to/from managing partners and Insurers concerning handling of defense cases with regard to staffing practices.

Plaintiff and responding Defendants agreed that responding Defendants produce six audit letters for the relevant time period. Plaintiff agreed to hold off on any request for further audit letters until a review of the six audit letters.

Response to RFP No. 6:

Responding Defendants confirmed they will produce the billing records in *Smith* and *Truax*.

Response to RFP No. 12:

Plaintiff stated that it does not believe that authorization by attorneys who were the subject of the requested performance evaluations is required, prior to production of such evaluations. Plaintiff will provide responding Defendants with authority for this position.

Responding Defendants stated that they would determine whether the attorneys who were the subject of the requested performance evaluations have or have not signed written authorizations for the release of the evaluations.

Plaintiff accepted the limitation on this RFP to request only performance evaluations from 1996 to the present of those attorneys at BHB whose work on the *Smith* and *Truax* cases exceeded ten (10) hours. Plaintiff stated that it reserves the right to revisit this limitation, if it perceives the need to do so after a review of the billing records in *Smith* and *Truax*.

[100866 v08.doc]

GORDON, THOMAS, HONEYWELL,
MALANCA, PETERSON & DAHEIM LLP

October 20, 2003
Page 3


<u>Response to RFP No. 16</u>:

Responding Defendants withdrew the following objection, with the understanding that Insurers does not include Hartford Financial Services:

> With regard to "this action," as that term is used in this request, responding Defendants object to this request as it is invasive of the attorney-client and work product privileges to the extent it requests communications responding Defendants and/or its counsel may have had with any person, entity, or insurer.

I trust that this correctly memorializes the results of our Rule 37 conference, unless I hear from you differently.

Very truly yours,

Joan C. Foley

JCF:aeh
cc:   Mark G. Honeywell
      Donald S. Cohen

[100866 v08.doc]