THE HONORABLE JOHN C. COUGHENOUR

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BEHR PROCESS CORPORATION<br><br>Plaintiff,<br><br>vs.<br><br>BULLIVANT HOUSER BAILEY, P.C.; JOHNSON CHRISTIE ANDREWS & SKINNER, P.S.; RICHARD L. MARTENS and JANE DOE MARTENS and the marital community thereof; and E. PENNOCK GHEEN and JANE DOE GHEEN and the marital community thereof,<br><br>Defendants. | CIVIL ACTION NO. C01-0467C<br><br>**PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**<br><br>NOTE ON MOTION CALENDAR:<br>MARCH 9, 2004<br>WITHOUT ORAL ARGUMENT |

## I. INTRODUCTION

Behr respectfully requests that it be permitted to amend its complaint to (1) replead Behr's claim that Defendants' negligence was the cause of the default judgment on liability entered against Behr in the *Smith* lawsuit, and (2) to delineate more clearly between the portion

PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT
CASE NO. C01-0467C -1-

DORSEY & WHITNEY LLP
U.S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON  98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

of Behr's malpractice claim relating to the discovery sanction, and the portion of Behr's malpractice claim relating to the damages phase of the trial following the discovery sanction.

In its February 12, 2004 order granting, in part, Defendants' FRCP 12(c) motion, the Court dismissed Behr's entire legal malpractice claim based on a finding that the default was imposed as a discovery sanction as a result of Behr's own wrongful acts. However, Behr's malpractice claim is broader than the question of whether Behr or its attorneys were responsible for the default. In particular, Defendants' negligence resulted in a finding of greater damages *after* the default (on liability) was entered, and Behr seeks leave to replead its malpractice claim based on these acts and omissions of Defendants, *separate* from the issue of the discovery violations resulting in the default. Moreover, because Defendants' negligence played a vital role in the discovery violations, Behr also seeks leave to re-plead its malpractice claim to provide a more detailed factual basis for the claim with respect to the default judgment itself.

Plaintiff's Proposed Second Amended Complaint and Jury Demand has been filed concurrently.

## II.    ARGUMENT

The Court did not dismiss Behr's legal malpractice claim with prejudice. Therefore, leave to amend should be granted if it appears that Behr can correct the defects. *See, e.g., Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 701 (9th Cir. 1990). Behr has cured the defects by amending its complaint to add specific examples of Defendants' conduct. In addition, Behr has added allegations which highlight the fundamental distinction between the wrongful conduct cases cited by Defendants in their motion and the standard Judge Foscue employed to find that Behr "willfully" violated its discovery obligations in *Smith*.

During the sanctions hearing, the evidence of Behr's conduct was evaluated using Washington's objective test. Behr's subjective intent was never litigated in *Smith*. In particular, Behr's understanding of its legal obligations in responding to discovery was never litigated.

PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT
CASE NO. C01-0467C -2-

DORSEY & WHITNEY LLP
U.S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

Judge Foscue did not learn that: 1) Defendants did not visit Behr's offices to collect documents or to try to ascertain the extent of potentially responsive documents; 2) throughout discovery, Defendants delegated to Behr the task of devising a system for responding to discovery and gathering documents; and 3) Defendants failed to provide Behr with proper guidance for how it was supposed to gather information or documents, and thus Behr representatives believed that it was sufficient to rely upon their own knowledge and their own recall regarding whether certain documents existed. Behr contends that if Judge Foscue had known of Defendants' negligent conduct, he would never have concluded that Behr's conduct was "willful," i.e., "without reasonable excuse."

More importantly, Behr alleges that had Defendants advised Behr properly from the beginning of discovery, the *Smith* plaintiffs would have had no reason to file a motion for sanctions in the first place because the test results at issue in the motion would have been produced in the course of discovery and not on the eve of trial. While Behr produced less than 7,000 pages of documents during discovery in *Smith*, virtually identical discovery requests propounded in the post-*Smith* cases (where Behr was represented by new counsel) yielded nearly 500,000 pages of documents. With counsel's help in the post-*Smith* cases, Behr was able to identify over 140 separate tests of the products at issue in the *Smith* case, which confirmed that Behr's products performed as well as or better than many competitive products, casting serious doubt on the validity, general applicability and evidentiary significance of the Troy and Arch test results.

In addition, the Second Amended Complaint details certain events leading to the substantial damages verdict against Behr, including Defendants' failure to identify experts on time, their mishandling of damages experts, and their failure to challenge the exaggerated damages evidence that was presented to the jury.

PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT
CASE NO. C01-0467C -3-

DORSEY & WHITNEY LLP
U.S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

Leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "This policy 'is to be applied with extreme liberality.'" *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citation omitted) (holding that district court abused its discretion in denying motion for leave to amend complaint). "[T]he 'Supreme Court has instructed the lower federal courts to heed carefully the command of Rule 15(a) ... by freely granting leave to amend when justice so requires.'" *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (citation omitted) (holding that district court abused its discretion in denying motion for leave to amend complaint).

"In determining whether leave to amend is appropriate, the district court considers 'the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility.'" *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (citation omitted) (holding that district court did not abuse discretion in granting motion for leave to amend answer). "Another factor occasionally considered ... is whether the plaintiff has previously amended her complaint." *DCD Programs, Ltd.*, 833 F.2d at 186, n.3. *See, e.g., Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (citing "five factors," including previous amendment).

The principal factor for the Court to consider is whether Defendants will be prejudiced by the amendment. "Prejudice is the 'touchstone of the inquiry under rule 15(a).'" *Eminence Capital*, 316 F.3d at 1052 (citation omitted). "Absent prejudice, or a strong showing of any of the remaining ... factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* (emphasis original). Permitting Behr to amend its complaint would not prejudice the Defendants. Most of the information added to the Second Amended Complaint comes from the court record in *Smith* and from Defendants' own files.

Additionally, this lawsuit is still at a relatively early stage. Although Behr filed its original complaint on March 27, 2001, the case was stayed by Judge Rothstein for nearly two
PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT
CASE NO. C01-0467C -4-

DORSEY & WHITNEY LLP
U.S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

1  years. The parties have propounded and responded to written discovery requests, and only one deposition has been taken (by Plaintiff). Motions practice has been confined to the Rule 12(c) motion and a discovery motion filed by Behr. Moreover, Behr pled its malpractice claim with respect to the damages phase of the *Smith* litigation in its previous complaint. It merely seeks to more clearly delineate that aspect of its malpractice claim from the default judgment issue, in light of the Court's order. Similarly, it seeks to provide a more detailed factual basis for the default judgment aspect of the malpractice claim, of which Defendants have been well aware since the inception of this lawsuit.

Furthermore, none of the other factors weigh against the Court granting Behr leave to amend. There is no undue delay, as this motion is being brought only two weeks after entry of the Court's order. Moreover, "delay alone is not sufficient to justify the denial of a motion requesting leave to amend." *DCD Programs, Ltd.*, 833 F.2d at 187. The bad faith (e.g., amending to destroy diversity jurisdiction) and futility (e.g., amending to add a claim which is time-barred) factors do not apply here. Finally, although Behr previously amended its complaint once, that was simply to update the allegations in light of the substantial time that elapsed during the court-imposed stay, including dismissing the Insurers as defendants, with whom Behr had entered into a settlement in principle since filing the original complaint.

### III.    CONCLUSION

For the foregoing reasons, Behr respectfully requests that the Court grant it leave to amend its complaint.

PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT
CASE NO. C01-0467C -5-

DORSEY & WHITNEY LLP
U.S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

1  DATED this 27th day of February, 2004.

2                                                              DORSEY & WHITNEY LLP

3

4                                                              s/ Evan L. Schwab
                                                               Evan L. Schwab, WSBA #2174
5                                                              Brian W. Grimm, WSBA #29619
                                                               Brendan J. Peters, WSBA #34490
6                                                              U.S. Bank Centre
                                                               1420 Fifth Avenue, Suite 3400
7                                                              Seattle, WA  98101
                                                               Telephone:  (206) 903-8800
8                                                              Facsimile:  (206) 903-8820
                                                               E-mail:  schwab.evan@dorsey.com
9
                                                               -- and --
10
                                                               HELLER EHRMAN WHITE & McAULIFFE LLP
11                                                             Timothy H. Butler, WSBA #19841
                                                               Paul W. Sugarman, admitted *pro hac vice*
12                                                             Matthew A. Carvalho, WSBA #31201
                                                               Timothy D. McMichael, WSBA #29673
13                                                             701 Fifth Avenue, Suite 6100
                                                               Seattle, WA  98104
14                                                             Telephone:  (206) 447-0900
                                                               Facsimile:  (206) 447-0849
15
                                                               Attorneys for Plaintiff,
16                                                             Behr Process Corporation

17

18

19

20

21

22

23

24

25

PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT
CASE NO. C01-0467C -6-

DORSEY & WHITNEY LLP
U.S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON  98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

**CERTIFICATE OF SERVICE**

I hereby certify that on February 27, 2004:

1. I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants: Kelly P. Corr, David P. Martin, Timothy H. Butler, and Paul W. Sugarman.

2. I caused the foregoing to be served by messenger to the following non CM/ECF participants:

Mark G. Honeywell
Gordon Thomas Honeywell Malanca
Peterson & Daheim
600 University Street, #2100
Seattle, WA  98101

                      s/ Evan L. Schwab
                      WSBA #2174
                      DORSEY & WHITNEY LLP
                      U.S. Bank Centre
                      1420 Fifth Avenue, Suite 3400
                      Seattle, WA  98101
                      Telephone:  (206) 903-8800
                      Facsimile:  (206) 903-8820
                      E-mail:  schwab.evan@dorsey.com

                      Attorneys for Plaintiff,
                      Behr Process Corporation

PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT
CASE NO. C01-0467C -7-

DORSEY & WHITNEY LLP
U.S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON  98101
PHONE: (206) 903-8800
FAX: (206) 903-8820