01-CV-00467-APPL

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BEHR PROCESS CORPORATION,

Plaintiff,

v.

BULLIVANT HOUSER BAILEY P.C.;
JOHNSON CHRISTIE ANDREWS &
SKINNER, P.S.; RICHARD L. MARTENS and
JANE DOE MARTENS, and the marital
community thereof; and E. PENNOCK GHEEN
and JANE DOE GHEEN and the marital
community thereof,

Defendants.

CASE NO. C01-0467C

ORDER

I. INTRODUCTION

This matter has come before the Court on Plaintiff's Motion to Compel Production of Privilege Logs by AISLIC and Zurich (Dkt. No. 71). Having carefully considered the papers filed by the parties in support of and in opposition to the motion, the Court hereby DENIES Plaintiff's motion.

II. BACKGROUND

The subject matter of the instant action is Plaintiff's claims against its former attorneys who represented it in *Smith v. Behr Process Group*, Grays Harbor Cause No. 98-2-00635-4 (the "*Smith*" lawsuit). Among the claims Plaintiff brings against Defendants is a claim under the Washington

ORDER – 1

1  Consumer Protection Act, alleging that Defendants behaved improperly by offering discounted rates to
2  insurance companies and then by marketing their services and accepting engagements with clients such
3  as Plaintiff without disclosing alleged potential conflicts of interest between their duties to the clients
4  and their agreements with the insurance companies. In order to substantiate this claim, Plaintiff has
5  embarked on a discovery plan that seeks to investigate Defendants' relationship with insurance
6  companies, how the relationships commenced and developed, what rules or guidelines, if any, were
7  followed by Defendants because of these relationships, and other similar issues. In pursuit of its goal,
8  Plaintiff propounded the following request to American International Specialty Lines Insurance
9  Company (AISLIC) and Zurich American Insurance Company ("Zurich"):

> Produce each and every document within your possession, custody, or control, which relates to your relationship with any of the law firms or attorneys retained by you to represent Behr Process Corporation . . . namely, Bullivant Houser Bailey, P.C., Johnson Christie Andrews & Skinner, P.S., Richard L. Martens, and E. Pennock Gheen. [("Request No. 2")]

13  (Pl.'s Mot. Compel, Grimm Decl. at 8-9.)
14  Both respondents objected, among other things, that these requests sought documents and
15  materials that were privileged and furthermore, argued that the effort required to compile "full
16  information" detailing the claims of privilege was too burdensome. After several attempts to come to an
17  agreement, including a Fed. R. Civ. P. 37(a)(2)(A) conference on August 27, 2003, Plaintiff filed the
18  present motion to compel the production of a privilege log.

III. ANALYSIS

20  Fed. R. Civ. P. 45(d)(2) provides that

> [w]hen information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

24  Here, Plaintiff seeks to compel AISLIC and Zurich to produce a privilege log with respect to the
25  documents and other materials withheld on the basis of privilege. However, as the respondents correctly

ORDER – 2

point out, a privilege log cataloguing each document withheld, the privilege asserted, and the reason why, while a generally accepted method of complying with the requirements of Rule 45(d)(2), is not the only acceptable way for respondents to comply with the specificity requirement. *In re Imperial Corp. of Amer.*, 174 F.R.D. 475, 479 (S.D. Cal. 1997) (citing *In re Grand Jury Investigation*, 974 F.2d 1068 (9th Cir. 1992)). The case of *In re Imperial Corp.* is particularly instructive to the case at bar since the *Imperial Corp.* court was also confronted with a scenario in which large volumes of litigation-related documents were sought. The *Imperial* court determined that in that context, "it would be very foolish to believe that very many of those documents would be other than protected by the attorney-client privilege or work product." *Id.* Therefore, Plaintiff is not entitled to compel AISLIC and Zurich to produce a privilege log.

The Court further finds that Plaintiff's document request is overly broad to the extent that it seeks information contained in files pertaining to AISLIC and Zurich customers *other* than Plaintiff. Although Fed. R. Civ. P. 26(b)(1) establishes a very low bar as to what type of information may be considered to be discoverable, Plaintiff has failed to establish to the Court's satisfaction that the discovery request at issue "is reasonably calculated to lead to the discovery of admissible evidence."

IV.   CONCLUSION

For the foregoing reasons, Plaintiff's motion to compel a privilege log is DENIED.

SO ORDERED this 25 day of March, 2004.

_____
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 3